No. 10,373.

THOMPSON *v.* HARTMAN, ET AL.

Decided July 3, 1922.   Rehearing denied October 2, 1922.

Action on promissory note.   Judgment for plaintiffs.

*Affirmed.*

*On Application for Supersedeas.*

1.   CHATTEL MORTGAGE—*Sale—Mortgagee Purchaser.*   While in the absence of statutory authority a chattel mortgagee is prohibited from purchasing at his own sale, if he does so and accounts for the full value of the property purchased, the mortgagor cannot complain.

*Error to the District Court of Montrose County, Hon. Thomas J. Black, Judge.*

Messrs. FAIRLAMB & HOTCHKISS, for plaintiff in error.

Messrs. MOYNIHAN, HUGHES, KNOUS & FAUBER, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action to recover a balance alleged to be due upon an installment promissory note.   Judgment for plaintiffs for $454.91 and costs.   Defendant has sued out this writ of error and the cause is before us on his application for a supersedeas.

The promissory note in question was in the sum of $1,735.90, and was given in part payment of a Dodge Brothers truck purchased by defendant from plaintiffs. The parties at the time of the execution of the note entered into a contract, designated as a conditional sale contract, and the instrument served, and was intended to serve, the usual purposes of a chattel mortgage.   It provided, among other things, that in case the purchaser becomes in default

in the payment of any installment the seller may take possession of the truck and sell the same. The truck was sold under the power given in the contract, and the seller himself was the purchaser.

The contention of the defendant is that the sale was a private sale and that the seller could not purchase at such sale. We will assume that such is the fact, and also assume the correctness of the rule quoted by counsel for defendant from 11 C. J. 711, section 517, as follows:

"The rule supported by the weight of authority is that in the absence of a statutory permission the mortgagee is prohibited from purchasing at his own sale, either directly or through the medium of an agent."

In the instant case the purchaser, defendant, was credited with $700 by the seller on account of such sale. The text in 11 C. J. above quoted is followed by the following clause: "And in case of such a purchase the mortgagee must account for the actual value of the property mortgaged."

This is consistent with *Webber v. Emmerson,* 3 Colo. 248, where it was held that a mortgagee who purchased at a mortgagee's sale must account for the actual value of the property without reference to the amount bid.

The further fact must be noted that the trial court found that the value of the truck at the time it was surrendered by defendant to plaintiffs and at the time it was sold "was not in excess of $700.00." This finding of fact is conclusive upon us. It follows, therefore, that defendant was credited not merely with the amount at which the plaintiffs purchased the truck but was credited with the actual value of the truck, and in view of the fact last stated we find no error of which defendant can complain.

The pleadings raise various issues of fact, aside from the subject above discussed, but these were found for plaintiffs.

The application for supersedeas is denied and the judgment is affirmed,

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.