No. 12,267.

LUNDQUIST *v.* EISENMANN.
(290 Pac. 277)

Decided June 30, 1930.

Mr. E. L. WEITZEL, for plaintiff in error.

Mr. JOHN A. MARTIN, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF Eisenmann is the record owner of lots 40 and 41 in block 12 of Lake Avenue Addition, former town of Bessemer, now a part of the city of Pueblo. Each lot in the block, according to the original recorded plat of the property, is supposed to have a frontage of 25 feet. Defendant Lundquist is the record owner of lots 39, 38 and 37 in the same block, which lots lie immediately to the south of plaintiff's lot 40 and in the order above designated. This action by the plaintiff is to recover from the defendant possession of a strip of land 8 feet in width off of the south side of lot 40 extending the entire depth of the lot from the street line and back to the alley at the rear, which strip of land the plaintiff says has been

wrongfully taken possession of and now is withheld by the defendant. Plaintiff claims ownership of this disputed strip as part of his lot 40, and the defendant asserts title thereto as a part of her lot 39. There is an admitted shortage in block 12 to the extent of 10 feet in width. The trial court, upon evidence that is not in serious dispute upon the essential and controlling facts, found in favor of the plaintiff's claim and rendered judgment in his favor for possession of the disputed 8-foot strip of land, together with damages sustained by him as the result of the defendant's unlawfully taking possession thereof, and also for other injuries inflicted.

Upon this review the discussion, particularly by counsel for the defendant, has taken a wide range. The trial court found the facts generally in favor of the plaintiff. It also specifically found that the plaintiff purchased lots 40 and 41 on June 16, 1902. The block was then unoccupied and was vacant land. At the time of the purchase the plaintiff caused the lots to be surveyed by the city surveyor, and later staked and enclosed the lots with a solid board fence on the lines of the survey. The same year he erected a dwelling house on the premises, in which he has ever since continuously resided. He also laid a concrete sidewalk the entire width of the lots, which has ever since remained in place. In 1902, the year of his purchase, plaintiff planted trees within 5 feet of the south boundary line of lot 40, which was established by the official survey, planted the entire width of the enclosed property in lawn, built a solid board fence and outhouses across the rear, and has continuously maintained all of such improvements ever since, and also ever since 1902 has paid all of the taxes legally assessed against lots 40 and 41.

The court further specifically found that as to 3.12 feet of this 8-foot strip in question adjoining the premises of the defendant, the plaintiff was in open, notorious, exclusive, continuous and hostile possession and occupancy of the same under claim of ownership in good faith for a

period of 24 years prior to the origin of the claim of the defendant, or any adverse claim, and thereby became and is entitled to the ownership, possession and enjoyment of said portion, 3.12 feet of the 8-foot strip, free from the claims of the defendant and all other persons; and that under the conveyance of 1902 he has title to the remaining 4.88 feet in width of the strip in question. The court also found that the plaintiff's damage is $70, which the defendant conceded plaintiff sustained, if he was entitled to any relief whatever.

When the plaintiff purchased these lots and built his house thereon and enclosed the same with a fence, built sidewalks and otherwise improved them, the city surveyor had theretofore made a survey thereof for the plaintiff and the fence was built on the line indicated by the survey. In other words, the recorded plat of the lots in question was observed by the plaintiff in making his improvements upon the premises.

█ One objection urged by the defendant is that the court, in the absence of all necessary parties, had no authority to distribute or apportion the shortage of 10 feet in the block, as the same was originally surveyed and platted. Defendant may not now be heard to complain of what she, herself, solicited the trial court to do.

If the findings of fact by the trial court above outlined are sustained by the evidence, we do not see any tenable ground upon which the judgment can be set aside. According to these findings the plaintiff under claim and color of title had been in actual, open, notorious, exclusive, continuous and hostile possession and occupancy of the entire tract of land for 24 years prior to the inception of the rights of the claimant at the time she purchased her lots. The record discloses that at or before the time defendant purchased her lots she caused a survey thereof to be made by a surveyor, but the court below evidently found, and the evidence justified the finding, that this survey was made not upon the basis of the original plat but of some amended plat which was erroneous.

The trial court must have so found. Indeed, it appears from the record that the owners of this addition, in the making and filing of an amended plat, expressly stated therein that the same was not made for the purpose of encroaching upon, nor was it intended in any way injuriously to affect, the rights of those who had purchased property upon the basis of the original survey and the recorded plat thereof in reliance upon which the plaintiff obtained his deed.

Defendant's assignments of error—there are only three—are not in compliance with our rule 32, which requires that each error shall be separately alleged and particularly specified. While the assignments are separately alleged, there is no specification thereof. The first one is merely a statement that the trial court erred in overruling defendant's motion for judgment and refers to folio 113, which is not in the printed abstract. The second assignment is merely that the trial court entered an order that is contrary to the law and the evidence, and contains no specification whatever; the third assignment is merely that the judgment is contrary to law and the evidence. If we should strictly enforce our rule, we might affirm the judgment without an opinion, but we take up in their order the five separate objections to the judgment which the defendant argues in her brief.

Defendant says that claiming ownership of property under a mistake as to the correct boundaries is not the character of possession sufficient to establish title by adverse possession under our statute law. This proposition assumes that plaintiff made a mistake as to the correct boundaries of his lots 40 and 41, and therefore his possession thereof is not sufficient to establish title by adverse possession. This presupposes that the plaintiff was thus mistaken. Such, however, is not the evidence and the court found that no mistake was made by the plaintiff of this character, but that the plaintiff held continuous and undisputed possession of lots 40 and 41, as they were delineated on the recorded plat and of the di-

mensions just as the plat described them, and enclosed these lots, exactly as they were described on the recorded plat, by a fence and by planting trees on the disputed 8-foot strip and by using the entire enclosure as his own exclusive property. There is no merit in this contention.

██ ██ The second proposition advanced by the defendant is that the plaintiff did not show an adverse possession of the strip in question for the statutory period of 20 years' time. The court found, and the evidence was amply sufficient to sustain the finding, that the plaintiff's title to this 8-foot strip of land in question was a part of his lots under the original plat as evidenced by his deed under this plat and the survey based thereon at the time of the purchase of his lots in 1902. We agree with the trial court that no evidence produced by the defendant overthrew or destroyed the probative effect of the testimony in support of this proposition. The plaintiff clearly established his right according to the findings of the trial court, which we cannot disturb, to this 8-foot strip in question by 24 years' continuous possession, which was hostile, by his continuous occupancy thereof, improvement of the premises, and payment of all taxes under claim of ownership, before the defendant's adverse claim came into existence. It is true that an amended plat of this addition was filed. Plaintiff, however, is not claiming under that plat. The amended plat was clearly erroneous and there is nothing therein which at all affects the rights of the plaintiff to this disputed strip. Plaintiff had a right to rely in making this purchase upon the original plat as made and filed by the owners of this addition, of which his lots 40 and 41 were a part. There is nothing in the evidence that would justify the trial court in disturbing the original lines of plaintiff's two lots, unless it be upon the theory of distribution or apportionment advanced by the engineer or surveyor of the defendant. Had it not been for this erroneous second survey and the filing of this second erroneous plat, there probably would have been no question as to the plaintiff's

ownership of this disputed strip of ground. The trial court by its decree, as already stated, found that as to 3.12 feet of the 8-foot strip in question adjoining the premises of the defendant, the plaintiff had been in open, notorious, exclusive, continuous and hostile possession and occupancy of the same under claim of ownership in good faith for 24 years before any claim by the defendant was asserted thereto or any adverse claim made with respect to the same. The court further found that under the conveyance to the plaintiff in 1902 he has title to the remaining 4.88 feet in width of the strip in question. We find no merit in the second proposition of the defendant.

The third point made by the defendant is that it is an established fact that possession of the plaintiff was not hostile in its inception and there is nothing shown in the evidence to establish a change in its original character. The trial court upon evidence which was not substantially in conflict found that plaintiff's possession was unquestionably hostile both in its inception and throughout his holding.

As to the fourth and fifth grounds, which seem not to be seriously asserted by the defendant, we find nothing in the record to justify the same. The trial court gave its reasons, already recited by us, for holding that the plaintiff was entitled by conveyance to all but the south 3.12 feet of land fenced by him and by hostile adverse possession to the remaining part of the disputed strip. The defendant, however, relies upon *Brownlee v. Williams*, 32 Colo. 502, 77 Pac. 250, and says that this case is authority for the proposition that possession of, and improvements made on, adjoining land by a land owner under a mistake as to the boundary line and belief that the improvements were made on his own land, does not constitute adverse possession. This statement of the law in the Brownlee case was under a state of facts entirely different from the facts in the present case. In the Brownlee case the party was mistaken, and we said no doubt honestly mistaken, as to where the dividing line in

dispute there should be. He made some slight improvements on certain lands which at the time he thought he was making on his own homestead, and we said there that this could not be regarded as an adverse possession, and his adversary was not put upon inquiry by the making of such improvements as the other party had made. Reliance also seems to be made upon the case of *Evans v. Welch,* 29 Colo. 355, 68 Pac. 776. The facts of both these cases are quite different from the facts in the present case and there is nothing in either one of them that is authority for any of the contentions of the defendant in this case. We quite agree with counsel for the plaintiff here that title by adverse possession could never be established if the defendant is correct in his construction of the decision in *Evans v. Welch, supra.* We find nothing in the Evans case that justifies the defendant's assertion here that it is authority for her in this case. Aside from this, there is no evidence here; in fact the trial court found to the contrary, that the plaintiff made any mistake, of fact or otherwise, as to the boundaries of lots 40 and 41 at the time he bought them and enclosed them with a fence and made improvements upon them. We find no merit in any of these objections to the decree of the trial court in this case.

■ ■ We come now to the only objection to the decree of the district court which has any semblance of plausibility. Defendant virtually admits, but if she did not do so the fact is clearly established, that the plaintiff in his own person and his family, consisting of himself, wife and son, actually occupied the whole of this strip of 8 feet in width, and in dispute here, for more than 24 years before the defendant's rights, if any, therein accrued. But the defendant says that the possession by the plaintiff himself for more than 24 years was not a continuous possession; that the same was interrupted. And this is so, the defendant says, because the plaintiff in 1904, two years after he acquired title, conveyed lots 40 and 41 to his wife, who held legal title thereto and was

also in possession of the lots until her death, and upon her death intestate title passed one-half to her husband and one-half to her son. Therefore, the defendant says there was a break in the continuity of plaintiff's possession, which break was for about two years, and title in plaintiff by adverse possession for the statutory period of 20 years was not shown. The facts are that until the death of the wife, several years after the plaintiff acquired title and entered upon possession, the plaintiff, his wife and son all occupied these premises as one family. Plaintiff paid all the taxes on these lots and all expenses in maintaining the home and the family, not only during the time that the title was vested in him, but also during the particular period that title was vested in the wife. After the wife's death plaintiff continued with his son in the exclusive possession of the property, and the son, after his mother's death, conveyed his interest therein to the plaintiff, who has been ever since such time in the exclusive occupancy and possession of the premises. The defendant cites and relies upon the case of *Maher v. Brown,* 183 Ill. 575, 56 N. E. 181. We have examined the opinion in that case. It is clearly not authority for the defendant's contention in the case in hand. The Illinois decision, among other things, was that before the several possessions of successive disseizors can be joined together, so as to be regarded as a continuous possession, there must be privity of estate or title, since acts of possession at different times by different persons, between whom there is no privity, furnish no support to each other. The Illinois court also held that where there is adverse possession by a husband of a strip of land adjoining, and partly enclosed with a city lot which he owned, the paramount title cannot be tacked to a subsequent possession of the wife under a deed from the husband describing the lot alone, though they continue, after the conveyance, to reside together upon the lot. To the holding of the Supreme Court of Illinois upon the second proposition cited, three of the seven judges dissented, but noth-

ing in the Illinois decision is at all contrary to the conclusion which we have reached in this case. The law is firmly established in the courts of this country almost without exception, including Illinois, that where, as here, there is privity of title or estate, the possession of successive disseizors may be joined or tacked together so as to be regarded as a continuous possession. In 2 C. J., p. 82, section 66, the author states: "It is a rule of almost universal application that, if there is privity between successive occupants holding adversely to the true title continuously, the successive periods of occupation may be united or tacked to each other to make up the time of adverse holding prescribed by the statute as against such title." That doctrine is clearly applicable to the facts of this case. This privity that is essential to the doctrine may be either of contract, estate or blood between the successive occupants. In this case before us there was privity of contract, estate and blood.

To sum up. The actual occupancy and possession of this disputed strip of land has been in the plaintiff and his wife and son as one family for more than 24 years and it has been a hostile possession, undisputed and undisturbed, during that period. The trial court could not properly under the evidence before it, under the applicable rules of law, have done otherwise than it did in entering a judgment in favor of the plaintiff, and that judgment is, therefore, affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.