No. 14,294

I. Cohen Sons, Inc. *v.* Dowd
(84 P. [2d] 830)

Decided November 21, 1938.

Mr. Merle M. Marshall, for plaintiff in error.

Mr. W. W. PLATT, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error, plaintiff below, sued defendant on a promissory note for $3,000. Defendant in his answer set up a counterclaim based on a contract between him and the plaintiff, asserting its breach and asking for damages in the sum of $3,000. After issues joined and trial to a jury, the following verdict was returned: "We, the jury, find the issues for the defendant and offset the amount of the note by the amount of said damages."

The contract upon which the counterclaim was based was in words and figures as follows, to wit:

"This Agreement, Made and entered into by and between C. A. Ripley of I. Cohen and Sons Company of Pittsburg, Pennsylvania, party of the first part, and J. W. Dowd of La Jara, Colorado, party of the second part:

"Witnesseth:

"That Whereas party of the second part desires to have the party of the first part act as his sole and exclusive agent in the sale of all vegetables grown by the party of the second part during the year 1936 and all vegetables handled by party of the second part during 1936, such vegetables to include cauliflower, peas, cabbage, lettuce and broccoli, but not to include potatoes;

"In consideration of the party of the first part advancing to the party of the second part the sum of Fifteen Hundred Dollars ($1500.00), the receipt of which is hereby acknowledged, party of the second part hereby appoints party of the first part as his sole and exclusive agent for the sale of all vegetables grown by party of the second part or purchased or handled by party of the second part during the year 1936. Party of the second part is to pay the party of the first part for his services as such sales agent the sum of Twenty-five dollars ($25.00) per car for

all cash sales made in the San Luis Valley. In case a car is consigned, party of the second part is to pay party of the first part 10% of the gross sale of said car if the car is sold through a store or in job lots and, in the event the car is sold as a car lot, then 7% of the gross. Party of the first part is to absorb all costs for selling.

"Party of the second part is to repay party of the first part the above mentioned Fifteen Hundred Dollars ($1500.00) as follows: The sum of One Hundred Dollars ($100.00) is to be deducted from the proceeds of each and every car of vegetables sold by party of the first part for the party of the second part until the full sum of Fifteen Hundred Dollars ($1500.00) has been paid. No interest is to be charged.

"Dated at Alamosa, Colorado, this ...... day of July, A. D. 1936.

"C. A. Ripley, Party of the First Part. J. W. Dowd, Party of the Second Part."

Dowd, the defendant, contends that this contract was breached by plaintiff's agent Ripley in giving him, Dowd, information concerning the markets from day to day, which was false, and which plaintiff knew to be false, and that such information was given for the purpose of persuading Dowd to act thereon in order that plaintiff might collect commissions on sales of vegetables purchased by Dowd. That Ripley permitted Dowd to proceed in making purchases of vegetables at a price not warranted after the market broke, Dowd obligating himself to pay the various growers therefor.

A general demurrer to the cross complaint was overruled.

Assignments of error are based upon three general propositions: 1. That the counterclaim fails to state a cause of action. 2. Insufficiency of the evidence to sustain the counterclaim. 3. Impropriety in the giving of instructions.

1. Without going into many of the gradations and refinements which might arise under a contract exempli-

fied by the one here under consideration, suffice it to say, "An agent, engaged in an employment which requires special or professional skill, will be liable for losses due to his failure to possess and exercise such skill, where the agent professes and holds himself out as possessing the same, and this is true notwithstanding the agency is gratuitous." 3 C. J. S. 38, §160. Viewed in the light of this pronouncement the cross complaint states a cause of action. No motion to strike any of the allegations was interposed.

█ Plaintiff's contention that the cause of action fails is further refuted by its admission that "possibly part of the testimony of the defendant" was competent, i. e., fit and appropriate to establish the proof of the issue. There would be no need of proof of any issue if there was no cause of action.

█ 2. On the question of the sufficiency of the evidence it is only necessary to briefly summarize some of the defensive testimony to indicate that the preponderance required was presented.

Dowd testified that he had been a farmer practically all his life; that he met Ripley about the middle of the summer of 1936 while he was conducting a vegetable shed at La Jara in connection with his farming operations; that Ripley told him he was the agent for I. Cohen and Sons, "one of the best houses in the United States" worth as much or more than any of the other houses, and that he, Dowd, could get a better deal with them than with any other firm; that he started shipping vegetables the latter part of July; that Ripley said he was in a better position to watch the market than he, Dowd, was, being out in the field a good deal of the time; that Ripley could keep him, Dowd, posted; that there was a blockade on the railroad for several days due to flood conditions when they were just getting into the heavy part of the shipping season; that the blockade ended about August 8, 1938; that during the blockade the market broke; that just about the same time Ripley advised the purchase of all the cauli-

flower that was coming in, so they would have a corner on the market; that this was done and that the car lots bought and shipped during the blockade, and immediately afterwards, did not make money; that they lost several thousand dollars. An accountant testified the loss for the season was $8,430.68.

Construing this testimony in the light of the language of the contract, it is obvious that a reasonable inference is that plaintiff's primary interest was in the commissions collected rather than in selling to the best advantage for Dowd. If so, the jury was fully justified in finding a breach of trust for which damages would lie.

There was, as there is in all cases of this kind, a great deal of conflicting evidence, but enough of it was corroborative of Dowd's testimony to satisfy the requirement of establishing his counterclaim by a preponderance of the evidence. As above noted, it is admitted by counsel for plaintiff that at least a part of Dowd's testimony was competent. It is a reasonable assumption that the jury believed it. It is not unusual in civil cases that the testimony of a single creditable witness is sufficient to prove a fact in issue. 23 C. J. 19, §1753.

3. As to the impropriety of the instructions. Plaintiff complains particularly of the giving of instruction No. 4. We could dispose of this assignment by saying that since the point was not urged in the motion for a new trial, we need not consider it. The complaint is that it left to the jury the question of the construction of the contract as to scope and authority. Conceding that the instruction standing alone might be vulnerable to this objection, it is tempered and limited by appropriate language in instruction No. 1, to the effect that "the plaintiff entered into the agreement with the defendant as stated in defendant's exhibit 'A' [contract to which plaintiff refers in connection with instruction No. 4], the tenor whereof you will be able to observe."

Nowhere in instruction No. 4 is the jury directed to

construe the contract. It says, "if you find for the plaintiff on this point." That statement goes to all of the evidence, both written and oral, and is not limited to the contract.

There was no error in allowing damages to defendant in the sum of $3,000, and no complaint is made that the amount is excessive if supported by the evidence, which we think it is.

The instructions taken and considered together as a whole present a fair statement of the applicable law and were in nowise prejudicial to plaintiff.

For the reasons thus announced, the judgment is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.