## No. 16,175.

### HOWARD v. AMERICAN LAW BOOK COMPANY.

(212 P. [2d] 1006)

Decided November 28, 1949.   Rehearing denied December 19, 1949.

Mr. H. GORDON HOWARD, pro se.

Mr. GRAHAM SUSMAN, Mr. HYMAN D. LANDY, for defendant in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

THE American Law Book Company began an action in a justice of the peace court against H. Gordon Howard to recover judgment on a contract for the purchase of certain lawbooks. It recovered judgment in the sum of $287.50 together with costs. Howard appealed to the county court, wherein, by direction of the county judge, a verdict in the sum of $287.50 was returned by the jury in favor of the company and judgment ordered entered on the verdict. Howard, seeking a reversal, brings the case here for review.

Our Rule 112(a) provides, inter alia, that the record on error shall contain "The material pleadings without unnecessary duplication, the verdict or the findings of fact and conclusions of law together with the direction for the entry of judgment thereon, * * * *the judgment or part thereof to be reviewed, and the designations or stipulations of the parties as to matter to be included in the record.*" (Italics ours)

An examination of the record lodged in this court does not disclose any final judgment entered in the court below.

Howard filed a motion for a new trial in the county court in which he set out the following grounds:

"1. Newly discovered evidence, material to the party making the application which he could not, with reasonable diligence, have discovered and produced at the trial. 2. Insufficiency of the Evidence. 3. Errors in Law." The motion for a new trial was overruled.

The specifications of points filed here are as follows: "1. The Trial Court erred in making an order denying the defendant's motion in the County Court, a Court of Record, to suppress or strike the deposition of M. A. Nelsen, a witness for the plaintiff by a Justice of the Peace Court Deposition. 2. The Trial Court erred in denying the defendant's motion for nonsuit based on the law of Conditional Sales Agreements in Colorado. 3. The Trial Court erred in directing a verdict for plaintiff. 4. The Trial Court erred in refusing to admit the evidence of Grace Howard, a witness for defendant. 5. The Trial Court erred in not requiring the plaintiff to file a non-resident's cost bond in the County Court on the new trial. 6. The Trial Court erred in vacating its order granting the defendant a new trial."

Our rule 59, pertaining to new trials, provides: "C (e) The party claiming error in the trial of any case must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, *only*

*questions presented* in such motion will be considered on review." (Italics ours)

By reference to the grounds for the motion for new trial and the specifications of points quoted hereinabove, the palpable violation of this rule is apparent; without a compliance therewith there is nothing presented here for review.

Accordingly, the judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE HOLLAND concur.