No. 16,878.

Platte Valley Elevators Company *v*. Gebauer.

(256 P. [2d] 903)

Decided April 13, 1953.

Mr. Maurice W. Konkel, for plaintiff in error.

Messrs. Sandhouse & Sandhouse, for defendant in error.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the court.

DEFENDANT in error was plaintiff below. Plaintiff in error was defendant below. The action is by plaintiff, a certified public accountant, for accountancy services rendered by him to defendant company from April 1st, to October 16, 1950. The case was tried to a jury which returned its verdict for plaintiff for $1175.28, and judgment was rendered thereon, with interest, for $1201.31.

A motion for a new trial was filed in which two grounds were specified therefor, namely, that the verdict (1) "was contrary to the evidence" and (2) "was contrary to the law."

The case is presented here on four specifications of points: 1. The trial court erred in overruling the motion for a new trial. 2. The finding of the jury was contrary to the law and the evidence. 3. and 4. The court erred in refusing to give defendant's tendered instructions No. 1 and No. 2.

The record herein is fatally defective. Rule 111 (f) R.C.P. Colo., applicable to this case, provides, "Plaintiff in error shall file a 'Specification of Points' upon which he relies for reversal or modification of the judgment. * * * Each such specification shall set out separately and particularly each point relied upon. * * * Counsel will be confined to the points so specified * * *."

Specified points 1 and 2 are too general and insufficient to point out in what specific particular the trial court or jury erred in the conduct of the case. This court has repeatedly held a general specification of points is insufficient and that it would not be considered on review. We cite but a few of the cases. *Kobebell v. Diers Brothers & Co.*, 87 Colo. 67, 70, 285 Pac. 165; *Lundquist v. Eisenmann*, 87 Colo. 584, 588, 290 Pac. 277; *Buchanan v. Burgess*, 99 Colo. 307, 309, 62 P. (2d) 465; *Smookler v. Nicoll Bros. Oil, Inc.*, 100 Colo. 587, 588, 69 P. (2d) 306.

██ Specified points 3 and 4, the refusal to give defendant's tendered instructions Nos. 1 and 2, were not included in the motion for a new trial, hence the lower court had no opportunity to reconsider the same. Rule 59 (f) R.C.P. Colo. specifically provides, "only questions presented in such motion will be considered on review." Therefore, we decline to consider specifications 3 and 4.

The judgment is affirmed.

MR. CHIEF JUSTICE STONE not participating.