No. 18,124.

EMANUEL PINELLO, ET AL. *v*. MAX KURTZ, ET AL.

(333 P. [2d] 624)

Decided December 22, 1958.

Mr. HUGH J. ROSS, for plaintiffs in error.

Mr. LOUIS JOHNSON, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFFS in error were plaintiffs in the trial court and defendants in error were defendants. We refer to the parties as they appeared in that court.

Plaintiffs filed their complaint in the district court of El Paso county, Colorado, in which they alleged ownership of lots 1 to 6, block 51, of Addition No. 1 to the Town of Roswell. They alleged also that defendants had taken possession of an area 24½ feet in depth along the northern boundary of said Lot 1 and that the property in dispute was either within the area to which they held

fee title or had been acquired by them by adverse possession. They sought a decree quieting title in them, and damages for wrongful possession of the property by defendants.

At the pre-trial conference agreements between the parties were reached as shown by the pre-trial order as follows:

"Parties agree that the Plaintiffs have record title to all that part of said lots located south from the center line of Section 31-13-66 in El Paso County, Colorado, and that Defendants have record title to the land north of said line. If any part of lot one is north of said line the Plaintiffs claim by adverse possession."

On the date fixed for trial a jury was empaneled and evidence was offered. At the conclusion of plaintiffs' evidence defendants moved for dismissal, which motion was denied by the court subject to the right to renew the same. At the conclusion of all the evidence defendants again moved for dismissal and judgment. Ruling upon that motion was reserved.

The case was submitted to a jury which failed to agree and was discharged. Pursuant to Rule 50 (b), R.C.P. Colo., defendants moved for judgment in accordance with their motion for a directed verdict, which motion was granted and the court entered judgment dismissing the action. A motion for new trial was filed. It contained but two grounds, the first of which reads as follows:

"That the order of this Court sustaining Defendants' Motion for Directed Verdict is contrary to the evidence adduced in this cause of action and further that said order is against the great weight of the evidence in this cause of action."

The second ground of the motion was that of newly discovered evidence, and is without merit and not seriously argued. This leaves for consideration only the first ground above quoted.

▮ Counsel for defendants assert in their brief that

the matters argued here by counsel for plaintiffs as grounds for reversal are not included within the coverage of the points set forth in the motion for new trial and accordingly are not subject to review. They rely on *Platte Valley Elevators Company v. Gebauer,* 127 Colo. 356, 256 P. (2d) 903, and *Howard v. American Law Book Company,* 121 Colo. 5, 212 P. (2d) 1006, in which this court held that only questions presented in the motion for new trial will be considered on review. Consideration of the motion for a new trial in the instant case, as related to the argument advanced in this court, leads inescapably to the conclusion that the rule announced in the above cited cases is applicable.

We base this opinion on the failure to observe the rule to the end that the controversy may be speedily determined. Notwithstanding that we were under no duty to do so, we have considered the merits of the case as presented in the briefs and on oral argument, and have concluded that the judgment should be affirmed. No good purpose would be served in the preparation of an opinion dealing with the contentions of the parties on the merits, since the result would be the same.

The judgment is affirmed.

MR. JUSTICE SUTTON not participating.