No. 19,523.

A. D. MILLER *v.* A. E. KAISER.
(366 P. [2d] 659)

Decided December 4, 1961.

Mr. ISAAC MELLMAN, for plaintiff in error.

Mr. FRANCIS S. MANCINI, Mr. SIDNEY BIDERMAN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, A. D. Miller, to whom we will refer as defendant, seeks review of a judgment entered upon a jury verdict rendered in the trial court in favor of defendant in error, to whom we will refer as plaintiff, for the sum of $30,393.30, as compensatory damages.

This controversy arose from a sale by the defendant to the plaintiff and one Verne Smith of a business known as A. D. Miller Auction Company in the city of Englewood, in Arapahoe county, during the year 1956. Plaintiff thereafter acquired the interest of Smith and became the sole owner of the auction company. For the purposes of this review, Smith, as a former person in interest, may be eliminated.

Plaintiff stated four claims in his complaint against the defendant, to wit: (1) A breach by the defendant of the contract of sale; (2) a conversion by him of the personal property and business included in the sale; (3) false representation by the defendant; and (4) a claim for an accounting. Plaintiff's demand for relief was for $60,000.00 actual damages and the further sum of $30,500.00 as exemplary damages.

Following a lengthy trial all claims, except that for conversion of plaintiff's property by defendant, were withdrawn from consideration of the jury, by the trial court.

Appearing here by counsel who did not appear for him in the trial court, defendant asserts prejudicial error occurred in the trial of the case. He contends that the judgment should be reversed because: (1) Certain instructions given to the jury were erroneous; and (2) there was insufficient or no evidence of conversion to justify a submission of that question to the jury.

No claim of error in the instructions given and

now complained of was asserted by defendant in his motion for a new trial.

■ We have often held, and again repeat, that objections to instructions not urged in the motion for a new trial, will generally not be considered on writ of error. *I. Cohen Sons v. Dowd,* 103 Colo. 211, 84 P. (2d) 830, and other cases. It is also axiomatic in this jurisdiction that when a motion for a new trial does not specify the grounds upon which a new trial should be granted, nothing is presented for subsequent review by this court. Rule 59 R.C.P. Colo.; *Howard v. American Law Book Co.,* 121 Colo. 5, 212 P. (2d) 1006; *Platte Valley Elevators Co. v. Gebauer,* 127 Colo. 356, 256 P. (2d) 903; and *Pinello v. Kurtz,* 138 Colo. 351, 333 P. (2d) 624.

Counsel seeks to invoke the provisions of Rule 111 (f) R.C.P. Colo., under which this court, to prevent manifest injustice, may exercise its discretion to notice error appearing on the face of the record, notwithstanding failure of the parties to present the matter in the trial court. No sufficient reason for the exercise of such discretion appears from the record before us.

■ Only one question remains for determination, viz., was there a conversion by the defendant of the business and personal property in litigation?

The agreed purchase price for the auction business was $35,000.00, of which $1,000.00 was a down payment and the further sum of $19,000.00 paid upon delivery of a bill of sale. The balance of the purchase price was evidenced by the promissory note of the buyers in the principal sum of $15,000.00, payable at the rate of $500.00, or more, per month, with interest as provided therein. The note was secured by a chattel mortgage upon the business and personal property included in the sale. The aggregate sum of $10,500.00 was paid upon the chattel mortgage indebtedness, leaving an unpaid balance of $4,500.00 in April 1958. A total sum of $30,500.00 plus interest in accordance with the terms of the mortgage note, was paid to the defendant under the sale and purchase transaction.

Plaintiff failed to pay the $500.00 instalment on the note which became due April 11, 1958. Thereupon, defendant elected to declare the entire unpaid balance of $4,500.00 due and payable and proceeded to foreclose the chattel mortgage. He published a notice of public sale of the mortgaged property, but did not send plaintiff a notice of such sale. At the foreclosure sale held May 15, 1958, defendant himself bid in the property for the sum of $2,500.00, and thereupon took exclusive possession thereof and has continued in such possession since that time.

The chattel mortgage contained no provision authorizing the mortgagee to become the purchaser at foreclosure sale. Thus, the defendant did so at his own risk. In handling the mortgagor's property at a foreclosure sale, the mortgagee occupies a fiduciary relationship in the nature of a trustee for the mortgagor. *Webber v. Emmerson*, 3 Colo. 248. This is not to say that a mortgagee cannot become the purchaser when no authority to do so is given in the chattel mortgage; however if he does so he is liable to the mortgagor for the fair market value of the property at the time of the sale. *Thompson v. Hartman,* 72 Colo. 88, 209 Pac. 635; *J. H. Hincke Printing Company v. Bailey, Trustee,* 83 Colo. 242, 263 Pac. 719; *Baer Bros. Land and Cattle Company v. Hill, et al.,* 122 Colo. 536, 224 P. (2d) 944.

In the case before us the sale price of the property sold by defendant to plaintiff (and Smith) in June 1956, and the amount for which defendant later purchased it at foreclosure sale in April 1958, are so disproportionate that the latter transaction was properly submitted to the jury on the theory of conversion. The facts were presented to the jury for determination of the issues under appropriate instructions and we cannot say that the verdict was not justified. Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE FRANTZ concur.