Opinion by
Mr. Justice Moore.
Plaintiff in error was defendant in the trial court, and we refer to it herein as defendant. Defendant in error was plaintiff in the trial court and we shall refer to it as plaintiff.
The plaintiff is a common carrier by rail engaged in both interstate and intrastate commerce. Its action was for damages to plaintiff’s railroad train allegedly resulting from the negligence of defendant’s agent in *261 causing an accident on January 22, 1959, near Johns-town, Colorado, at a railroad crossing on U. S. Highway 87. Plaintiff asserted damages to its engine, railroad cars, loss of commodities being transported, damage to its tracks, and loss of income by reason of the accident.
A trial was had to the court and plaintiff obtained a judgment in the sum of $16,179.36 plus interest in the sum of $679.78. At the close of plaintiff’s case, defendant did not offer any evidence. It relied exclusively upon its objections, to the effect that no proper evidence to prove damages had been introduced by plaintiff. Defendant now seeks reversal of the judgment. It admits that negligence was proven but claims that the trial court committed the following errors: in erroneously applying an inapplicable measure of damages in arriving at the amount owing for the several items involved; in admitting into evidence Exhibit BB, Exhibit DD, Exhibit EE, Exhibit HH and Exhibit LL; in admitting into evidence Exhibits MM and NN; and in entering judgment for interest upon the judgment from date of filing the complaint in the sum of $679.78 or in any sum.

QUESTIONS TO BE DETERMINED:

FIRST: Did the trial court err in admitting in evidence, the plaintiffs exhibits A to LL inclusive?
The answer is in the negative.
At the time the exhibits were offered at the trial counsel for defendant objected to their admission on the grounds of hearsay and incompetency. On December 18, 1962, a pre-trial conference was held. In the Pre-Trial Order it was provided that:
“The plaintiff’s Exhibits A through LL have been marked and may be introduced at the time of the trial subject to objections of the defendant as to materiality.” (Emphasis supplied.) and further that:
“Exhibits BB through and including LL relate to proof of plaintiff’s damages.”
*262 No objections to the Pre-Trial Order were made by either side, and the same was approved as to content by the attorney for defendant, and the attorney for plaintiff.
In Ferguson v. Hurford, 132 Colo. 507, 519, 290 P.2d 229, this Court said:
“At the pre-trial conference the court is authorized to make a determination not only of factual matters but legal as well, if presented and argued, and in the absence of an objection to the pre-trial order or the part thereof with which counsel present do not agree, the order precludes any further challenge of the questions determined at the conference. We must assume, in the absence of an objection, that the order on the pre-trial conference was made in cooperation with and by assent of the parties. In the absence of an objection, all matters determined at the pre-trial conference have the force and effect of a stipulation of the parties as to the correctness thereof. The pre-trial order controls the subsequent course in the action unless the court, at the trial, modifies the same to prevent manifest injustice.” (Citing authorities.) (Emphasis supplied.)
 In U. S. v. De Lucia, 256 F.2d 487, that court said:
“It is elementary that De Lucia, having objected to the admissibility of these exhibits solely on the issue of materiality, is in no position to raise in this court an objection to their competency as evidence. ‘Materiality’, with reference to evidence, means the property of substantial importance and it has been said that evidence is material where it is relevant and goes to the substantial matters in dispute or has a legitimate or effective bearing on the decision of the same, while evidence is competent if it is fit for the purpose for which it is offered.”
SECOND: Did the trial court err in admitting exhibits MM and NN in evidence?
The answer is in the negative.
*263 The Exhibit MM was a time book in which the witness testifying thereto recorded the names of employees, the number of hours they worked on each job and a description of the work performed. This time book was kept in the regular course of business for payroll purposes. The data in the time book was compiled from the daily time reports, Exhibit NN, which were kept by the foremen on the job. When Exhibit MM was offered in evidence the following colloquy occurred:
“MR. O’NEILL, (Atty. for defendant). Are these your entries, did you make those?
“THE WITNESS: Yes, sir.
“MR. O’NEILL: We have no objection, your Honor.
Present counsel and defendant are bound by what the former counsel did at the trial. Exhibit MM was properly admitted. It was a summary of that which was shown in greater detail by the time reports in Exhibit NN. No error was committed by the admission of these exhibits.
Other points raised by present counsel, namely, that the trial court erred in using the wrong criteria in the assessment of damages on the various items of property which were damaged; and that the court erred in adding interest to the judgment, are raised in this court for the first time. The motion for new trial contained nothing with relation thereto, and under these circumstances they will not be considered on review. Rule 59, R.C.P. Colo.; Platte Valley Elevator Co. v. Gebauer, 127 Colo. 356, 256 P.2d 903; Howard v. American Law Book Co., 121 Colo. 5, 212 P.2d 1006.
The judgment is affirmed.
Mr. Justice Sutton and Mr. Justice Schauer concur.