483 P.2d 1366 (1971)
William E. HOWARD and Regina C. Howard, Plaintiffs in Error,
v.
INTERSTATE DEVELOPMENT COMPANY, a co-partnership composed of E. L. Timbel and Leonard E. Bell, Defendant in Error.
No. 70-106.
Colorado Court of Appeals, Div. II.
March 16, 1971.
Rehearing Denied April 6, 1971.
*1367 Miller, Ruyle, Steinmark & Shade, Walker Miller, Greeley, for plaintiffs in error.
Kripke, Hoffman, Carrigan & Dufty, P. C., Robert A. Dufty, Donald F. Medsker, Denver, for defendant in error.
Selected for Official Publication.
DUFFORD, Judge.
The defendant in error, plaintiff below (whom we shall refer to as "optionee"), brought this action against the plaintiffs in error (whom we designate as "optionors"), seeking specific performance of an option contract for the sale of land. Optionee also sought damages for optionors' failure to deliver the real property involved. After trial to the court, the trial court granted the optionee's prayer for specific performance, but denied its claim for damages. The optionors have appealed, contending their option was void for want of consideration and also asserting that, if not void, it was never validly exercised within its term. Optionee asserts as cross-error the failure of the trial court to award it special damages for optionors' delay in surrendering possession of the real property.
The option agreement, dated June 5, 1968, was given for a consideration of $100, which sum was paid in advance of execution. It relates to improved real property consisting of a restaurant, bar, and package liquor business owned by optionors and located within the Town of Hudson, Colorado. The agreement's material conditions are as follows: (1) The option is to be void if not exercised on or before November 1, 1968; and (2) upon exercise of the option $20,000 is to be paid to the optionors. The agreement contains no conditions as to the payment of the $20,000 option payment and is silent as to how and where notice of exercise shall be given.
There are certain facts material to the manner in which the option was exercised which are not disputed, and they are as follows:
The residence and principal place of business of the optionors were in Hudson, Colorado. Sometime during the month of September 1968, the optionors advised one of the members of optionee partnership that the optionors would be on a trip during the month of October, and that the period of their absence was to be approximately six days. On October 15, 1968, the optionors left Hudson, Colorado, for a trip to St. Louis, Missouri, and they did not return to their residence in Hudson, Colorado, until one hour before midnight on November 1, 1968. During the period from October 15 to October 28, 1968, a member of the optionee partnership on numerous occasions attempted to contact the optionors by telephone calls made to their place of business and their residence; and on at least two occasions during this period the optionors were specifically advised by one of their employees that members of the optionee partnership were trying to contact the optionors. By registered letter postmarked October 29, 1968, and addressed to the optioners at their place of business in Hudson, Colorado, the optionee advised the optionors as follows:
"This letter will serve to notify you of our intention to exercise the option, dated June 5, 1968, granted us by you and your wife.

"In order to complete the closing of this transaction under the terms and conditions of the aforementioned option agreement, we have established an escrow, and deposited $20,000 with Transamerica Title Insurance Company, 1720 California Street, Denver, Colorado. Transamerica will handle the closing according to the terms of said option.

"Please contact us or Transamerica should any questions arise." (Emphasis supplied)
On November 6, 1968, optionors' attorney notified the optionee that the optionors considered the attempted exercise of the option invalid, and also that the optionors would not proceed with the sale.

*1368 I.
The question concerning the adequacy of the consideration which was paid for the option agreement was never raised in the trial court, although documentary evidence as to the payment of the consideration appears in the record. The validity of the consideration not having been questioned during the trial nor attacked at the time that the optionors filed their motion for new trial, it will not be considered upon review. Pinello v. Kurtz, 138 Colo. 351, 333 P.2d 624.

II.
With respect to the validity of the exercise of the option agreement, we are committed within this jurisdiction to the general rule that, before an option agreement can be specifically enforced as a contract to purchase, all of the terms and conditions relative to the exercise of the option must have been satisfied. Miller v. Carmody, 152 Colo. 353, 384 P.2d 77. However, if an optionee is prevented from performing the terms of an option agreement because of obstructing and delaying tactics on the part of an optionor, which tactics serve to prevent timely performance, payment, or tender, then the delay is excused and notice of intention to exercise the option and an unconditional commitment, by the optionee, to be bound by the contract thus created is sufficient to justify specific performance. Figge v. Clark, Iowa, 174 N.W.2d 432.
It is the optionors' position that, since the mode of notification and payment was not set forth in the option contract, notification of exercise and payment of the option sum could be validly performed only by the optionee's giving such notification and rendering such payment to the optionors personally at their principal place of business or residence within Hudson, Colorado. Under the facts of this case this rule has no application to the option contract which is before us. The proper rule, and the one which we apply here, is that in the absence of any prescribed mode for exercising the option appearing in the option contract no particular form of exercise is required. What is required instead is that which would amount to an unqualified manifestation of optionee's determination to exercise the option. Figge v. Clark, supra.
Applying these rules of law to the instant case, we hold that the trial court properly concluded the optionee had validly exercised the option agreement.
Considering the acts of the optionors which prevented the notice of exercise and the payment of the $20,000 being made directly to them within the option period, we rule that any requirement which existed, or which might be implied, relative to delivery of notification and payment to them personally at either their principal place of business or their residence was waived. The optionee then was required to demonstrate an unconditional acceptance of the offer to sell contained in the option contract and a present readiness to render the required option payment. We hold that such elements are present in this case. The optionee's registered letter of October 29, 1968, addressed to the optionors at their Hudson, Colorado, address unequivocally committed the optionee to a purchase of the real property involved. It was an unconditional acceptance of the offer to sell which was contained in the option agreement and a clear manifestation of a desire and intent to pay the $20,000 option payment.
The trial court was correct in concluding that there had been a valid exercise of the option agreement and in ordering specific performance of that agreement as a contract of purchase and sale of the real property involved.

III.
We also affirm the trial court's denial of any special damages to the optionee arising out of the optionors' delay in surrendering possession of the real property which was the subject of the option agreement. The only damages sought by optionee *1369 were those based upon the projected loss of income of rentals payable under a lease of the business premises owned by the optionors, which lease was executed sometime after November 1, 1968. With respect to the claimed damages, the trial court found, upon the facts of this case, that these were special damages which were not within the contemplation of the parties at the time the option agreement was executed. It also found that the optionee had failed to prove the claimed damage amount. The record supports these findings, and such being the case, they are affirmed. Brewer v. Williams, 147 Colo. 146, 362 P.2d 1033.
Judgment is affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.