496 P.2d 322 (1972)
Ida FOGEL, Plaintiff-Appellee,
Max Fogel, Plaintiff,
v.
Ed J. HOGAN, Margaret M. Hogan, Defendants-Appellees,
Rocky Flats Lounge, Inc., d/b/a Hummer Club, et al., Defendants-Appellants.
No. 70-423.
Colorado Court of Appeals, Div. I.
February 8, 1972.
As Modified on Denial of Rehearing March 7, 1972.
Certiorari Denied May 15, 1972.
Lionel Dunievitz, Denver, for plaintiffs-appellees.
Irving P. Andrews, Denver, for defendants-appellees.
John A. Kintzele, Denver, for defendants-appellants.
Not Selected for Official Publication.
ENOCH, Judge.
This case involves the priority of two chattel mortgages, a claim and counterclaim on a contract and a cross-claim for *323 the termination of a lease. The defendants-Hogans are the owners and the lessors of the real property involved. The plaintiff-Ida Fogel was one of the original lessees and holder of the first chattel mortgage. Defendant-Rocky Flats Lounge, Inc., d/b/a Hummer Club (Rocky Flats) was an assignee of the lease and assets of the business. Defendant-Hilst held a second chattel mortgage and subsequently sold the business to defendants-Gillespie, LaGrange and Nelson. Trial was to the court which entered judgment for Hogans, terminating the lease, judgment decreeing the Fogel chattel mortgage to be senior to Hilst's chattel mortgage and a money judgment for Fogel against Hilst on the contract. We affirm.
In June 1963, Hogans leased the property in question to Ida Fogel for a term of 5 years. The Fogels made certain improvements on the property and installed the necessary equipment to open a lounge serving food and alcoholic beverages. In December 1964, Fogels sold the business including the lease to one Henry P. LeClair. LeClair executed and delivered to Fogels a promissory note for part of the purchase price secured by a chattel mortgage on the fixtures, the equipment and the trade name. This mortgage was recorded and subsequently extended to 1967. Early in 1965, LeClair sold the business and lease to Rocky Flats Lounge, Inc. In May 1966, Rocky Flats Lounge, Inc., borrowed money from defendant-Hilst in return for a note secured by a chattel mortgage on the chattels then in the lounge, plus an assignment of all the corporate stock of Rocky Flats Lounge, Inc. This chattel mortgage included a clause that it was subject to the prior chattel mortgage to Fogel.
Fogels continued to receive payments on their note until late 1967 or early 1968, when its note went into default. On March 22, 1968, Hilst, in order to gain control of the fixtures, entered into a written agreement with Fogel for an assignment of the chattel mortgage for $4,000. Hilst paid $500 down on this agreement. Sometime during this period, Rocky Flats defaulted on its note to Hilst and Hilst took over all the stock of Rocky Flats, the lease, equipment and fixtures. A few months later, just prior to the beginning of this law suit, Hilst sold the stock to defendants-Gillespie, LaGrange and Nelson.

I.
Hilst alleges that the trial court erred in decreeing the Fogel chattel mortgage to be superior to the Hilst chattel mortgage.
The question presented by this case was determined in Sharp v. Hollister, 65 Colo. 110, 174 P. 301, where the court held that a junior mortgagee, who takes his mortgage not only with actual notice of the prior mortgage, but under an express agreement that his is to be subject to it, "is in no better position concerning it than his mortgagor and is estopped the same as the mortgagor is from questioning its validity." Hilst had actual knowledge and notice of the Fogel mortgage and took his mortgage expressly "subject to" the Fogel mortgage. Further, Hilst did not take control or possession of the chattels until after the agreement with Fogel for the assignment of the Fogel mortgage. The trial court properly determined the priority of the two mortgages.

II.
Hilst further alleges that there was a failure of consideration in the agreement of March 22, 1968. In support of this allegation, Hilst raises in this appeal a new argument concerning the absence of any mention in the agreement as to the disposition of the promissory note. This issue, concerning the note, was not tried as one of the issues in the trial court, was not raised in the motion for new trial and will, therefore, not be considered upon review. Howard v. Interstate Development Company, 29 Colo.App. 287, 483 P.2d 1366. We have, however, reviewed the record on this general issue of failure of consideration and find no error in the trial court's ruling that there was "good and valid" consideration.

*324 III.
The Hogans filed a cross-claim to terminate the lease which they had given initially to Fogel, alleging, inter alia, that the lease had been breached by a failure to maintain the premises, as required by a maintenance provision in the lease. The trial court concluded that there had been such a breach even though Hilst did make some improvements, and this conclusion is supported by the evidence. Hilst contends, however, that this breach was waived because the Hogans accepted rent payments during the pendency of this action. Contrary to Hilst's contention, when a tenant continues in possession pending a determination of an action brought by the landlord to enforce a forfeiture, the tenant is under an obligation to pay rent and acceptance of these payments does not constitute a waiver of the breach. Merkowitz v. Mahoney, 121 Colo. 38, 215 P.2d 317.
Judgment affirmed.
SILVERSTEIN, C. J., and DWYER, J., concur.