No. 15,833.

FRAZIER *v.* EDWARDS ET AL.
(190 P. [2d] 126)

Decided January 26, 1948.   Rehearing denied March 1, 1948.

Messrs. WOLVINGTON & WORMWOOD, for plaintiff in error.

Mr. Harry S. Petersen, Mr. Maurice A. Eversen, for defendant in error Edwards.

Mr. William T. Burris, for defendant in error Stavast.

Mr. Justice Luxford delivered the opinion of the court.

This is an action to recover damages for personal injuries alleged to have been sustained in a fall on an icy sidewalk. The original suit was by plaintiff, a tenant, against defendant, her landlady. Later a contractor, John Stavast, was brought in as third-party defendant. The trial court sustained the latter's motion for judgment on the pleadings and summary judgment. The case was then tried, the jury's verdict was for plaintiff, and the court entered judgment thereon. Defendant brings the case here for review alleging that the court erred: (1) In granting third-party defendant's motion for judgment on the pleadings and summary judgment; (2) in denying defendant's motion for a directed verdict at the close of plaintiff's evidence; (3) in denying defendant's motion for a directed verdict at the close of all the evidence, and (4) in giving to the jury instruction No. 7. As above stated, defendant in error, John Stavast was third-party defendant in the trial court, and he will be hereinafter mentioned by name. The other parties are here in reverse order of their appearance below, and we will hereinafter refer to them as plaintiff and defendant or by name.

Plaintiff, Eva H. Edwards, was a tenant in an apartment house, owned and operated by the defendant, Elsie I. Frazier, at 311 West Eighth Street, Pueblo, Colorado. Returning to the apartment about 6:20 o'clock in the evening of January 22, 1945, and using the private sidewalk on said premises, which extended from the street side-

walk to the front door of said building, plaintiff slipped and fell, the fall resulting in a broken hip. She brought this action against defendant for damages on account of said injury, and alleged that it was caused by defendant owner's negligence in allowing the sidewalk to become slippery and dangerous, due to an accumulation of ice thereon. As above noted, Stavast was brought into the case as a third-party defendant. It appeared that in doing certain carpenter work on defendant's apartment house, under a contract with her, Stavast had removed an old downspout on the front part of the building, and was unable to replace it with a new one because of wartime restrictions. All his other work, under the contract, had been completed, settlement with defendant had been made therefor, and practically all his tools and surplus materials had been removed from her premises before plaintiff's accident. Subsequently, plaintiff accepted Stavast as another defendant and filed an amended complaint including him as such. Therein she alleged that her injury was due to the negligence of defendant or Stavast or both. Defendant filed an answer to the amended complaint and set forth therein a cross complaint against Stavast, alleging that he was liable to her for any damages that might be awarded plaintiff. Stavast filed his answer to the amended complaint, in which he alleged that defendant was, at all times mentioned in said complaint, the owner and in complete possession and control of the premises in question, and that any contractual liability between her and himself had terminated before the happening of the accident.

■ Motion for judgment on the pleadings and summary judgment. After a pre-trial conference and the taking of the depositions of plaintiff and defendant, Stavast filed a motion for judgment on the pleadings and summary judgment, which the court sustained. At the pre-trial conference counsel for defendant stated their position as follows: "We admit that she was the owner and in possession of the property in question, but

we state definitely that we did not have control over the downspout." Such a position is untenable. The defendant was in complete possession and control of her apartment house when plaintiff's accident occurred. She had before that time settled with Stavast for the work he had performed; her contractual relations with him had ceased; he was not on her premises, and had nothing to do with operating the same; and was not liable to plaintiff, because there was no privity of contract between himself and her. *Ford v. Sturges,* 14 F. (2d) 253; *Huset v. J. I. Case Threshing Mach. Co.,* 120 Fed. 865; *Samuelson v. Cleveland Iron Mining Co.,* 49 Mich. 164, 13 N.W. 499; *Besner v. Central Trust Co.,* 230 N.Y. 357, 130 N.E. 577. Defendant was operating her apartment house, knowing of the absence of the downspout, and any attendant responsibility, under the circumstances, was hers. *Otis Elevator Co. v. Maryland Casualty Co.,* 95 Colo. 99, 33 P. (2d) 974, is cited in support of defendant's contention. In that case it was held, as stated in paragraph 8 of the syllabus: "Where the owner of a passenger elevator employed another to keep it in repair and safe condition for use, and it was operated in what proved to be an unsafe condition resulting in accidental injuries to passengers, the owner was responsible for resulting damages; and where such damages were paid by its insurer, the latter was subrogated to the right of the owner to recover from the party who contracted to keep the elevator in repair and whose negligence—resulting from a failure to carry out its contract—was the primary cause of the accidental injuries." Obviously the case has no application here. The third-party defendant had no existing contractual relations with the defendant owner in respect to the operation of her apartment house and was not responsible therefor.

Stavast was not liable either to the plaintiff, Eva H. Edwards, or the defendant, Elsie I. Frazier, for the injuries sustained by plaintiff and the trial court did not err in so holding.

506

■ The motion for a directed verdict (2) at the conclusion of plaintiff's case and (3) at the conclusion of all the evidence. The evidence was conflicting as to the condition of the private sidewalk on defendant's premises where plaintiff fell and sustained her injury. Witnesses testified they had seen ice on the walk during the day, and toward evening of the day of the accident. Other witnesses were positive and so stated, that there was no ice on the walk. As to how dark it was at the time of the accident; whether plaintiff should have seen the ice and walked around it, if there was any ice; whether she was guilty of negligence, or contributory negligence which was the proximate cause of the injury; and other matters, were questions of fact to be determined by the jury. *Robinson v. Belmont-Buckingham Co.*, 94 Colo. 534, 31 P. (2d) 918; *Pessagno v. Euclid Inv. Co.*, 112 F. (2d) 577; *Reardon v. Shimelman*, 102 Conn. 383, 128 Atl. 705. The court properly overruled the motion for directed verdict for defendant at the close of plaintiff's case, and also the motion interposed at the close of all the evidence.

Instruction No. 7. It is contended that the court erred in giving instruction No. 7, which reads as follows: "The court instructs the jury that a landlord owes a duty to his tenants not to do or cause to be done anything which might render the premises unsafe for use by his tenants, and if in this case you find by a preponderance of the evidence that defendant Frazier permitted ice to accumulate on the sidewalk leading up to said apartment house, either by knowingly permitting a condition to exist which brought about the formation of said ice on the sidewalk, or by negligently failing to remove said ice after its accumulation thereon, and you further find that such ice caused or contributed to cause Mrs. Edwards to slip and fall through no fault of her own, your verdict should be for the plaintiff."

■ ■ Evidence produced at the trial and exhibits introduced established the facts that there had been a

downspout on the front of the building; that it had been removed; that it had not been replaced; and that defendant had knowledge of such facts. Whether or not she "permitted a condition to exist which brought about the formation of ice on the sidewalk," under the facts here presented, was a matter for the jury to determine. It is well-settled law that it is the duty of the landlord —defendant here—to keep his premises in a reasonably safe condition for the use of his tenants (*Robinson v. Belmont-Buckingham Co., supra*), and this responsibility is not delegable. *Besner v. Central Trust Co., supra.* All the court instructions given to the jury in a case are to be read and considered together as a whole. *Kendall v. Lively,* 94 Colo. 483, 31 P. (2d) 343; *I. Cohen Sons, Inc. v. Dowd,* 103 Colo. 211, 84 P. (2d) 830; *Davis v. People,* 112 Colo. 452, 150 P. (2d) 67; *Guardian Life Insurance Co. v. Kortz,* 109 Colo. 331, 125 P. (2d) 640; *Rinehart v. People,* 105 Colo. 123, 95 P. (2d) 10. Instruction No. 7, considered with the others, properly states the law, and the court did not err in giving it.

The judgment is affirmed.

Mr. Chief Justice Burke and Mr. Justice Jackson concur.