Beulah JULES, Plaintiff–Appellant,

v.

EMBASSY PROPERTIES, INC. n/k/a Clarmont Enterprises, Inc., Defendant–Appellee.

No. 94CA1553.

Colorado Court of Appeals, Div. II.

Aug. 10, 1995.

Rehearing Denied Sept. 7, 1995.

Shakeshaft & Chernushin, P.C., Kenneth J. Shakeshaft, Colorado Springs, for plaintiff-appellant.

Long & Jaudon, P.C., Michael S. Drew, Denver, for defendant-appellee.

Opinion by Judge JONES.

In this premises liability action, plaintiff, Beulah Jules, appeals the summary judgment dismissing with prejudice her negligence complaint against defendant, Embassy Properties, Inc., n/k/a Clarmont Enterprises, Inc. We reverse and remand for further proceedings.

Plaintiff alleged that, in November 1991, she was injured when she slipped and fell on ice-covered steps at an office building owned by defendant. Her complaint alleged that she was leaving her place of employment at the time of her injuries and, therefore, was an "invitee" on the premises.

Defendant moved for summary judgment, contending that it did not owe any duty to plaintiff because it had transferred exclusive control of the management and maintenance of the premises to a property manager, which had, in turn, hired an independent

contractor to perform snow removal. In support of its motion, defendant attached its property management agreement, and the property manager's contract with the snow removal company, as well as affidavits from one of its officers and an officer of the snow removal company.

Plaintiff did not submit any evidentiary materials in response to defendant's motion, but argued that the defendant owed plaintiff a duty and could not avoid that duty as a landowner by virtue of its property management agreement. Plaintiff also argued that the defendant could not claim that the property manager and the snow removal company were responsible for her injuries because defendant had not designated them as nonparties at fault under § 13–21–111.5, C.R.S. (1987 Repl.Vol. 6A).

The trial court granted defendant's motion, ruling that plaintiff had failed to present any evidence to establish a duty of care, or a breach of any such duty, and that defendant had no duty to plaintiff as a matter of law because it did not control the maintenance of the property. Plaintiff submitted motions for reconsideration and to amend her complaint, which were both denied.

Because the issue had not been raised by the parties or addressed by the trial court, this court requested the parties to submit supplemental briefs on the applicability and effect of the premises liability statute, § 13–21–115, C.R.S. (1987 Repl.Vol. 6A), after briefing to this court was completed.

## I.

Plaintiff contends that the trial court erred in entering summary judgment because defendant owed her a duty under the premises liability statute. We agree.

Summary judgment is a drastic remedy and is never warranted except on a clear showing that there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988).

In 1986, the General Assembly adopted a premises liability statute, § 13–21–115, that establishes the standard of care owed to

persons who allege injury occurring while on the real property of others. Section 13–21–115(2), C.R.S. (1987 Repl.Vol. 6A). In 1990, the act was amended in various respects, effective April 20, 1990. *See* §§ 13–21–115(1.5), 13–21–115(3), 13–21–115(3.5), 13–21–115(5), 13–21–115(6), C.R.S. (1994 Cum Supp.).

Under the premises liability statute, the General Assembly imposed certain duties upon landowners. For purposes of the premises liability statute, a "landowner" is defined as:

> including, without limitation, an authorized agent or person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property.

Section 13–21–115(1), C.R.S. (1987 Repl.Vol. 6A).

A landowner is liable to an invitee for damages caused by the landowner's "unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known." Section 13–21–115(3)(c), C.R.S. (1994 Cum.Supp.).

Here, plaintiff's complaint alleges that the injury occurred in 1991 on property owned by defendant and that she was on the property as an "invitee," as defined by § 13–21–115(5)(c), C.R.S. (1994 Cum.Supp.).

Accordingly, we conclude that § 13–21–115, as amended in 1990, governs plaintiff's claim.

Defendant does not dispute that plaintiff was an "invitee" on the property in question or that it owned the property. Defendant argues, rather, that it is not the "landowner" of the property, as defined in the premises liability statute, because it was not in possession of the property and had delegated its legal responsibilities for the property to the property manager. We are not persuaded.

Defendant relies upon *University of Denver v. Whitlock*, 744 P.2d 54 (Colo.1987) and *Rian v. Imperial Municipal Services Group, Inc.*, 768 P.2d 1260 (Colo.App.1988) for its argument that it has delegated its legal responsibilities to its property manager. How-

ever, these cases are both factually and legally distinguishable from the case at hand. The cited cases, decided under the common law principles in effect prior to adoption of the premises liability statute, applied the rule that a *"lessor* of property that has transferred control over the leased premises to its *lessee* owes no duty to a person injured on its premises by a dangerous condition." *See Rian v. Imperial Municipal Services Group, Inc., supra,* at 1263 (emphasis supplied).

Moreover, the rule articulated in the above cases relied upon by defendant applies only to landlord-tenant relationships. In contrast, the defendant here did not surrender possession of its property to another, but merely hired a property manager.

■ Further, the premises liability statute defining "landowners" imposes a statutory duty upon those persons "in possession of real property." So long as a landowner retains such possession, therefore, it cannot delegate the statutory duties imposed upon it by § 13–21–115(1), C.R.S. (1987 Repl.Vol. 6A).

We find no merit to defendant's argument that it did not have possession of the property. The introductory paragraphs to the property management agreement define the defendant as the owner of the property and specify that the defendant has the right to collect rents from and manage the property. The provision of the agreement giving the property manager "exclusive authority" to manage the property appears designed to exclude other property managers but not to exclude the defendant from the property.

Defendant also relies on *Trailside Townhome Ass'n v. Acierno,* 880 P.2d 1197 (Colo. 1994) for the proposition that duties under the premises liability statute are not always imposed on landowners. That case, however, is inapposite. There, unlike the circumstances presented here, the premises liability statute was found inapplicable because the plaintiff had an ownership interest in the property.

We conclude that the defendant did owe a duty to plaintiff under the statute and that none of its evidence demonstrated whether it had exercised reasonable care to protect against dangers of which it actually knew or should have known. Thus, defendant failed to meet its burden as the party moving for summary judgment to demonstrate that it was entitled to judgment as a matter of law.

■ Plaintiff's failure to submit evidentiary materials to counter defendant's evidence did not, in this case, entitle defendant to summary judgment. Although it may be risky for a party not to respond, the absence of a response does not affect the burden of the party moving for summary judgment to demonstrate that it is entitled to judgment as a matter of law. *See Koch v. Sadler,* 759 P.2d 792 (Colo.App.1988).

## II.

Plaintiff next contends that the trial court erred in considering the potential liability of the property manager and the snow removal company because defendant failed to file a timely designation of nonparties at fault as required by § 13–21–111.5(3)(b), C.R.S. (1994 Cum.Supp.). However, because of our disposition of plaintiff's first assignment of error, we conclude it would be premature to consider this issue.

## III.

Finally, plaintiff contends the trial court erred in not allowing her to amend her complaint.

■ Here, plaintiff did not seek to amend her complaint until after the trial court's entry of summary judgment. However, because we have concluded that it was error to enter the summary judgment, plaintiff is not precluded from seeking similar relief upon remand. *Creditor's Service, Inc. v. Shaffer,* 659 P.2d 694 (Colo.App.1982).

The judgment is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

CRISWELL and CASEBOLT, JJ., concur.