Odilia **KIDWELL**, Plaintiff–Appellant,

v.

**K–MART CORPORATION,**
Defendant–Appellee.

No. 95CA1571.

Colorado Court of Appeals,
Div. V.

Dec. 27, 1996.

Rehearing Denied Feb. 13, 1997.

Certiorari Granted Aug. 18, 1997.

Kennedy & Christopher, P.C., John R. Mann, Richard M. Crane, Denver, for Plaintiff–Appellant.

Anstine, Hill, Richards & Simpson, Ronald C. Hill, Michael S. Simpson, Denver, for Defendant–Appellee.

Opinion by Judge RULAND.

In this action to recover damages for personal injuries, plaintiff, Odilia Kidwell, appeals from the judgment in favor of defendant, K–Mart Corporation. We reverse and remand for a new trial.

K–Mart contracted with SM Sweeping Company, Inc., (SSCI) as an independent contractor to maintain K–Mart's parking lot area and to remove snow and ice from the sidewalk adjacent to the department store it leased and occupied. Plaintiff sued K–Mart seeking to recover damages for injuries sustained when she slipped on an icy sidewalk. After plaintiff's complaint was filed, K–Mart named SSCI as a responsible non-party pursuant to § 13–21–111.5, C.R.S. (1987 Repl. Vol. 6A).

Thereafter, the trial court granted plaintiff's request to amend her complaint to add SSCI as a party defendant in the action. Ultimately, plaintiff and SSCI reached a settlement and SSCI was dismissed from the case.

Prior to trial of the claim against K–Mart, plaintiff moved to strike the designation of SSCI as a responsible non-party on the ground that K–Mart's duty to maintain its premises in a safe condition could not be delegated to SSCI. Plaintiff also filed a related motion asking the trial court to determine that any negligence of SSCI must be imputed to K–Mart. The trial court denied both of plaintiff's motions.

In order to preserve the issue for appeal, plaintiff also tendered proposed jury instructions that incorporated its contentions initially argued in the motions. The trial court refused to give those instructions.

K–Mart argued at trial that neither it nor SSCI was negligent in maintaining the sidewalk on the date that plaintiff slipped and fell. However, K–Mart also argued that if anyone was at fault, it was SSCI and that K–Mart was not responsible for SSCI's conduct.

The jury returned a special verdict finding that plaintiff did incur damages but that K–Mart was not negligent. Based upon this finding, it was unnecessary for the jury to decide whether SSCI was negligent, and thus, we are unable to determine whether the jury was persuaded by K–Mart's argument that SSCI was responsible for plaintiff's injuries.

I.

Initially, we disagree with K–Mart's assertion that this appeal must be dismissed because plaintiff's notice of appeal was untimely.

The record reflects that the trial court entered an unsigned judgment for K–Mart on June 29, 1995, and then issued an un-

signed minute order on June 30. However, because neither of these orders was signed by the court, neither constituted a final appealable judgment. *See In re Estate of Royal,* 813 P.2d 790 (Colo.App.1991), *aff'd,* 826 P.2d 1236 (Colo.1992); C.R.C.P. 58(a).

■ A final judgment for purposes of appeal was first entered on November 1, 1995, when the trial court issued a written, signed, and dated order that satisfied the requirements of C.R.C.P. 58(a). Accordingly, plaintiff's notice of appeal, filed on September 12, 1995, was premature. However, because K–Mart was not prejudiced by the early filing, we address the merits of the appeal. *See In re Marriage of Ross,* 670 P.2d 26 (Colo.App. 1983).

## II.

Plaintiff contends that the trial court erred in allowing K–Mart to designate SSCI as a responsible non-party pursuant to § 13–21–111.5. Plaintiff further contends that the trial court erred in failing to instruct the jury that any negligence of SSCI must be imputed to K–Mart as the property owner. We agree with the second contention.

Prior to the decision of the General Assembly in 1986 to adopt specific legislation governing a landowner's duties to others, our supreme court stated in *Frazier v. Edwards,* 117 Colo. 502, 190 P.2d 126 (1948) that a landowner's duty of care to a tenant to maintain the premises in a safe condition was nondelegable. Thus, the court held that the landowner in that case was liable for injuries sustained by a tenant from a fall on ice created by a contractor's removal of a downspout attached to the apartment building.

In the 1986 version of the landowner's statute, no provisions were included rejecting the concept in *Frazier* that a landowner's duties could not be delegated. *See* § 13–21–115, C.R.S. (1987 Repl.Vol. 6A). However, the statute was drafted to include business tenants such as K–Mart in the definition of landowners. Section 13–21–115(1), C.R.S. (1987 Repl.Vol. 6A).

Additional revisions to the landowner's statute were adopted in 1990. *See* § 13–21–115, C.R.S. (1996 Cum.Supp.). Once again,

no provisions were included indicating that the landowner's duty could be delegated. *Cf. Bank of Denver v. Southeastern Capital Group, Inc.,* 763 F.Supp. 1552 (D.Colo. 1991)(the adoption of § 13–21–111.5 did not abrogate the joint and several liability of the partners in a partnership).

As pertinent here, § 13–21–115(3)(c)(I), C.R.S. (1996 Cum.Supp.) now provides:

[A]n invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known.

And, in *Jules v. Embassy Properties, Inc.,* 905 P.2d 13 (Colo.App.1995), decided after the trial in this case, a division of this court addressed the delegation issue.

The plaintiff in *Jules* sued the owner of an office building for injuries sustained when she fell on ice-covered steps. The owner successfully moved for summary judgment by arguing that it owed no duty to plaintiff because it had transferred exclusive control of the maintenance of the premises to a property manager.

In reversing the summary judgment, the *Jules* court held that "the premises liability statute ... imposes a statutory duty upon those persons 'in possession of real property'" and that "[s]o long as a landowner retains such possession ... it cannot delegate the statutory duties imposed upon it by § 13–21–115(1)." *Jules v. Embassy Properties, Inc., supra,* 905 P.2d at 15.

■ Hence, we necessarily conclude that the obligation of the landowner in possession of property to maintain the premises in a safe condition for invitees may not be delegated to an independent contractor. Accordingly, the trial court here should have granted plaintiff's request to instruct the jury that any negligence of SSCI must be imputed to K–Mart if that negligence created a danger to invitees and if K–Mart knew or should have known of the danger.

■ We perceive no error, however, in the court's decision to allow SSCI to be designated by K–Mart as a non-party at fault. This is because, although the duty of K–Mart to

plaintiff is nondelegable, the plaintiff reached a settlement prior to trial with SSCI, thus entitling K–Mart to an offset under the rule of *Smith v. Zufelt,* 880 P.2d 1178 (Colo.1994).

In *Smith,* a juvenile plaintiff was accidentally shot by a juvenile companion. An action was filed against, among others, the parents of the shooter and the shooter's grandparents who owned the land where the accident occurred.

Prior to trial, the grandparents reached a settlement with the victim. Upon trial of the victim's claims against the shooter and his parents, the jury allocated 45% of the fault to a settling grandparent. Under this factual scenario, our supreme court addressed the issue of offsets for settlements reached with a non-party at fault that are entered into to avoid liability at trial. The court held that:

> [I]n all instances in which a settlement agreement is reached with one or more parties in order to avoid exposure to liability at trial, and trial is subsequently held against non-settling defendants, the trial verdict shall be reduced by an amount equal to the cumulative percentage of fault attributed to the settling nonparties.

*Smith v. Zufelt, supra,* 880 P.2d at 1188.

Here, as noted, plaintiff has pursued and resolved her claim against SSCI. Further, there is no contention that SSCI had no legal duty to plaintiff to maintain the sidewalks adjacent to the K–Mart store in a safe condition. *See Miller v. Byrne,* 916 P.2d 566 (Colo.App.1995) (Section 13–21–111.5 applies if the designated non-party has a legal duty to the plaintiff).

Under these circumstances, *Smith v. Zufelt, supra,* mandates that the percentage of negligence attributable to SSCI must be offset in connection with any award in favor of plaintiff as against K–Mart. *See also Sprung v. Adcock,* 903 P.2d 1224 (Colo.App.1995)(liability for negligent construction of a residence must be allocated between general contractor and settling subcontractor).

Accordingly, we conclude that K–Mart was entitled to designate SSCI as a non-party at fault after the settlement was accomplished and thus to seek a determination of the percentage of negligence attributable to SSCI. We further conclude, however, that plaintiff was also entitled to an instruction that any negligence of SSCI must be imputed to K–Mart.

The judgment is reversed and the cause is remanded for a new trial consistent with the views expressed in this opinion.

MARQUEZ and TAUBMAN, JJ., concur.