Colorado Court of Appeals Opinions || February 25, 2016

Colorado Court of Appeals -- February 25, 2016
2016 COA 28. No. 14CA2400. Reid v. Berkowitz.

  

 
 
 
 COLORADO COURT OF APPEALS

 
 2016 COA 28

 
 

  

 Court of Appeals No. 14CA2400
 City and County of Denver District Court No. 10CV3320
 Honorable Herbert L. Stern, III, Judge 

 Rodney Tyler Reid,

 Plaintiff-Appellee,

 v.

 Daniel Berkowitz, d/b/a/ Shimon Builders,

 Defendant-Appellant.

  JUDGMENT AND ORDERS REVERSED
 AND CASE REMANDED WITH DIRECTIONS

 Division VII
 Opinion by JUDGE RICHMAN
 Dunn and Berger, JJ., concur

 Announced February 25, 2016 

 Crawford Weiss, LLC, Jason Crawford, Brian Weiss, Denver, Colorado, for Plaintiff-Appellee 

 The Ross-Shannon Law Firm, P.C., Bradley Ross-Shannon, Justin H. Zouski, Lakewood, Colorado, for Defendant-Appellant

  

 ¶1        Defendant, Daniel Berkowitz, appeals the district court’s judgment and order finding him liable for two default judgments entered against codefendants Steve Hernandez and Gonzalo Batuello, and a subsequent order adding prejudgment interest. We reverse and remand the case with directions.

 I. Background and Procedural History

 ¶2        Plaintiff, Rodney Tyler Reid, sustained injuries after falling through an unsecured guardrail at a construction site where Berkowitz was the general contractor and Hernandez and Batuello were subcontractors.

 ¶3        Reid sued Berkowitz, a landowner as defined by the Colorado Premises Liability Act (PLA), section 13-21-115, C.R.S. 2015, pursuant to that statute. Berkowitz answered, demanded a jury trial, and designated the subcontractors as nonparties at fault. Reid then amended his complaint to add common law negligence claims against the subcontractors and to name them as defendants. His claim against Batuello sought “Indemnity, Contribution and Liability,” and his claim against Hernandez was captioned “Improper Installation of Railing.”

 ¶4        The district court granted entries of default against the subcontractors after each failed to answer the amended complaint. After a damages hearing to the bench, the court entered judgments against the subcontractors. It concluded that Reid’s total damages before interest were $832,783.20 for economic damages (including future medical expenses), noneconomic damages, physical impairment, and disfigurement. The court apportioned 80% liability to Batuello and 20% to Hernandez, as requested by Reid’s attorney. After adding 9% per annum simple interest, the court entered a default judgment of $844,308.92 against Batuello and a default judgment of $211,077.23 against Hernandez. At the hearing, there was discussion of whether Berkowitz might be vicariously liable for judgments against the subcontractors, but, as detailed below, the district court made no finding on the issue.

 ¶5        Reid later moved to amend his complaint to add claims for relief against Berkowitz for the alleged negligence of Batuello and Hernandez under a theory of respondeat superior. The court allowed an amendment over Berkowitz’s objection, but noted that “[t]his does not mean that defendant is bound by the damages determination made after hearing in connection with the earlier default judgments; this is a separate issue.”

 ¶6        The PLA claim against Berkowitz proceeded with a different judge to a jury trial in which, at the request of Reid’s attorney, the default judgments were not mentioned to the jurors.[1] The respondeat superior claims were not submitted to the jury. The jury awarded Reid $400,000 in damages for noneconomic losses, economic losses, physical impairment, and disfigurement. Despite Berkowitz’s request, the jury was not instructed to apportion fault to the subcontractors nor to evaluate Reid’s comparative negligence.

 ¶7        Berkowitz’s appeal of the jury verdict was decided by a division of this court in Reid v. Berkowitz, 2013 COA 110 (Reid I). As relevant here, Berkowitz contended that the district court erred in refusing to instruct the jury that it could apportion liability and fault to the subcontractors. Reid I, ¶18. A division of this court agreed that refusing the apportionment instruction was error, but concluded that the error was harmless because the subcontractors’ fault is imputable to Berkowitz who, as a landowner, had a nondelegable duty of care to Reid, a licensee. Id. at ¶¶17, 30, 37.

 ¶8        The division further found that the district court had erred in refusing to instruct the jury on Reid’s comparative negligence. Id. at ¶¶67-68. It ordered a retrial solely to determine a fault allocation between Reid and Berkowitz. Id. at ¶¶67-68. A second jury allocated the fault 90% to Berkowitz and 10% to Reid. The $400,000 judgment was reduced accordingly, and Berkowitz paid the amount due.

 ¶9        Shortly thereafter, Reid moved for declaratory relief, asking that the district court find Berkowitz liable under his nondelegable duty for 90% of the default judgments entered against the subcontractors, plus simple interest. Reid asked the court to enter judgment against Berkowitz in the amount of $1,169,821.22. Berkowitz opposed the motion. After a hearing, the court held Berkowitz liable for the entirety of the default judgments with compound interest, which amounted to $1,457,149.10.

 II. Issues on Appeal

 ¶10        Berkowitz first asserts that the district court erred in concluding that he is liable for the amount of the default judgments entered against the subcontractors. He further contends that the court erroneously amended the default judgments beyond the permissible period and, in the alternative, incorrectly calculated the amount of the judgments. We discuss the first issue below, and do not reach the second issue.

 III. Liability for Default Judgments

 ¶11        Berkowitz argues multiple theories supporting his assertion that the district court erred by finding him liable for the default judgments. First, he argues that he cannot be liable for damages under the PLA and also be vicariously liable for damages under a common law theory of negligence because the PLA provides an exclusive remedy against landowners. Second, Berkowitz argues that he cannot be held liable for the default judgments because to do so would deprive him of his right to have a jury decide whether he is liable and the amount of damages. Third, he argues that Reid waived the right to enforce the default judgments against him by proceeding to a jury trial for a separate determination of liability and damages. And finally, Berkowitz argues that assigning him liability for the default judgments improperly awards Reid a double recovery for his damages. 

 ¶12        We address the only the first argument. We consider whether Berkowitz may be simultaneously liable for damages as a landowner under the PLA and vicariously liable for a default judgment under common law negligence theories against his subcontractors. We conclude that he cannot, because the PLA provides an exclusive remedy against a landowner for injuries which occur as a result of conditions, activities, or circumstances on the landowner’s property.

 A. Preservation

 ¶13        At the outset, we reject Reid’s assertion that we may not consider whether Berkowitz is liable for the default judgments because Berkowitz did not preserve the issue by appealing Reid I. Reid I was an appeal of the judgment entered against him following the jury verdict, and the division in Reid I did not determine liability for the default judgments. Id. at ¶¶1, 44-46. Berkowitz opposed Reid’s motion for declaratory relief in the district court using the same argument we consider here. Accordingly, the issue is preserved for our review.

 B. Standard of Review and Applicable Law

 ¶14        We review de novo questions of statutory interpretation. Jefferson Cnty. Bd. of Equalization v. Gerganoff, 241 P.3d 932, 935 (Colo. 2010); Legro v. Robinson, 2012 COA 182, ¶10. “Our primary duty in construing statutes is to give effect to the intent of the General Assembly, looking first to the statute’s plain language.” Vigil v. Franklin, 103 P.3d 322, 327 (Colo. 2004). If the statutory language is clear and unambiguous, we will not resort to any other tools of statutory construction, and we must apply the statute as written. Id. at 328; Kyle W. Larson Enters., Inc. v. Allstate Ins. Co., 2012 COA 160, ¶10.

 ¶15        The PLA provides as follows:

 (1.5) The general assembly hereby finds and declares:

 . . .

 (d)    $$(d) That the purpose of this section is also to create a legal climate which will promote private property rights and commercial enterprise and will foster the availability and affordability of insurance.

 (e) [T]hat its purpose is to protect landowners from liability in some circumstances when they were not protected at common law . . . .

 (2) In any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property, or activities conducted or circumstances existing on such property, the landowner shall be liable only as provided in subsection (3) of this section. . . .2 § 13-21-115 

 (emphasis added).

 ¶16        On its face, the language of subsection (2) of the PLA unambiguously evinces the General Assembly’s intent to provide an exclusive remedy against a landowner for injuries which occur as a result of conditions, activities, or circumstances on the landowner’s property. This language is supported by the statute’s purpose recited in subsection (1.5). To protect landowners, and to promote the availability of affordable insurance, a landowner is liable only as provided in the statute because the General Assembly intended to “completely occupy the field and supercede the existing law in the area.” Vigil, 103 P.3d at 328.

 ¶17        It is well established that subsection 13-21-115(2) abrogates common law negligence claims against landowners for injuries caused by the conditions, activities, or circumstances on a landowner’s premises. See id. at 330-32 (the open and obvious danger defense to landowner liability does not apply to a premises liability claim); Lucero v. Ulvestad, 2015 COA 98, ¶12 (“[T]he General Assembly indicated its intent to completely occupy the field and supersede the existing law in the area, such that the PLA ‘leaves no room for application of common law tort duties.’”) (citation omitted); Rieger v. Wat Buddhawararam of Denver, Inc., 2013 COA 156, ¶41 (“[T]he PLA provides the sole remedy against landowners for injuries occurring on their property, and other common law actions are preempted.”); Teneyck v. Roller Hockey Colo., Ltd., 10 P.3d 707 (Colo. App. 2000) (landowner duty to an injured sports spectator may be determined only under the PLA); see also Pierson v. Black Canyon Aggregates, Inc., 48 P.3d 1215, 1219 (Colo. 2002) (“The overriding purpose of the premises liability statute is to clarify and to narrow private landowners’ liability to persons entering their land . . . .”).

 C. Analysis

 ¶18        Because the PLA provides the sole remedy against landowners for injuries occurring on their property, we conclude that Berkowitz may not be simultaneously liable for damages separately assessed under the PLA and under common law negligence theories.[3]

 ¶19        Our conclusion is consistent with Reid I, in which the division concluded that, under the PLA, landowner status confers a nondelegable duty to maintain premises in a safe condition and a landowner cannot escape liability for conditions created by negligent subcontractors. Reid I, ¶¶34, 35; see Springer v. City & Cnty. of Denver, 13 P.3d 794, 804 (Colo. 2000) (the General Assembly intended the premises liability statute to retain the doctrine of nondelegable landowner duties when it amended the statute in 1990). The division held:

 [W]hen, as here, a landowner defendant is vicariously liable under the nondelegability doctrine for the acts or omissions of the other defendants, the trial court should nevertheless instruct the jury to determine the respective shares of fault of the landowner defendant (who may be individually negligent) and the other defendants, but in entering a judgment, the court shall aggregate the fault of the defendant landowner and any other defendants for whom the landowner defendant is vicariously liable.

 Reid I, ¶39 (emphasis added).

 ¶20        Reid argues that because the division in Reid I concluded that Berkowitz was vicariously liable for the subcontractors’ actions under the PLA, its conclusion impliedly necessitates a ruling that Berkowitz is also liable for the default judgments as part of the law of the case. We disagree.

 ¶21        Although the division in Reid I was cognizant of the default judgments, it made no attempt to determine or apportion liability for the default judgments. Conversely, its holding referred only to judgments rendered against a defendant landowner (as defined by the PLA).[4]

 ¶22        The nondelegable duty — recognized by the division in Reid I, other divisions of this court, and the Colorado Supreme Court — burdens the landowner with full liability under the PLA regardless of the fault imputable to other defendants or nonparties. It does not, as Reid argues, permit a court to find a landowner vicariously liable under a doctrine of respondeat superior for injuries caused by the conditions, activities, or circumstances on the land under common law negligence theories. Reid cites no authority to support that position, and instead relies on several cases supporting the doctrine of nondelegable landowner duties under the PLA. See Springer, 13 P.3d 794; Reid I; Kidwell v. K-Mart Corp., 942 P.2d 1280 (Colo. App. 1997); Jules v. Embassy Props., Inc., 905 P.2d 13 (Colo. App. 1995).

 ¶23        While the nondelegable duty imposed on a landowner by the PLA may be viewed as a form of vicarious liability, it is not the equivalent of liability under a doctrine of respondeat superior. The former liability arose with respect to a landlord’s duty to tenants and was later recognized as retained under the PLA, which defines a landowner’s duty to those entering on land. See § 13-21-115(3) (delineating the scope of landowner duty as a function of the invitee, licensee, or trespasser status of the party injured on the landowner’s premises); Springer, 13 P.3d at 804 (recognizing a landowner’s nondelegable duty to invitees and licensees under the PLA); Frazier v. Edwards, 117 Colo. 502, 507, 190 P.2d 126, 129 (1948) (“It is well-settled law that it is the duty of the landlord . . . to keep his premises in a reasonably safe condition . . ., and this responsibility is not delegable.”). The latter is a common law liability independent of the PLA, in which an employer or principal is liable for the negligence of employees or agents acting in the scope and course of their employment or authority. Henisse v. First Transit, Inc., 247 P.3d 577, 581 (Colo. 2011). This form of liability stems solely from the liability of an employee or agent. Id.

 ¶24        We are also unpersuaded by Reid’s argument that Berkowitz invited the error resulting in default judgments against him. Reid attributes error to Berkowitz’s designations of nonparties at fault, his failure to mount a defense on behalf of the subcontractors, and his failure to ask the district court to stay the final determination of liability until after the trial.

 ¶25        Berkowitz’s attorney was present at the bench hearing on damages for the default judgments, and, at the outset, the district court sought to address the issue of joint and several liability and apportionment of fault. Reid’s attorney told the court, “I know we don’t have joint and several liability,” and “I don’t believe it could be enforced against Mr. Berkowitz.”

 ¶26        Following Reid’s testimony at the bench hearing, after he had stepped down, the court noted that it “should have invited [Berkowitz’s attorney] to ask any questions you wish.” Berkowitz’s attorney asked the court how judgment from this case would apply to Berkowitz. The court told him that Berkowitz might be bound because his attorney was present. Berkowitz’s attorney replied: “Obviously, I’d lodge an objection if somehow we’re going to be bound with those damages just given the fact that we demanded a jury trial.” The court deferred, saying: “If the Plaintiff thinks you’re bound, then we can have some briefing on that at some future point. I hesitate to rule on something that isn’t really before me.” The court proceeded to render a judgment against the subcontractors and to enter the order two days later.

 ¶27        At the jury trial against Berkowitz, Reid’s attorney sought to exclude these default judgments from mention, telling the district court that the default judgments were not collectible and that the subcontractors were not part of the case.

 ¶28        Reid did not attempt to collect the default judgments from Berkowitz until nearly two years later, after an appeal and before the retrial of the jury case. Based on these facts, and assuming that the order finding Berkowitz liable for the default judgments was error, we cannot conclude that the error was invited by Berkowitz.

 ¶29        We are similarly unpersuaded by Reid’s public policy argument. Reid contends that to deny Berkowitz’s liability for the default judgments would damage the nondelegable duty doctrine under the PLA, forcing plaintiffs to choose between a common law negligence claim and a PLA claim at the pleading stage, before a determination that any defendant is a landowner under the statute. Nothing in this opinion prevents a plaintiff from pleading multiple claims.

 IV. Conclusion

 ¶30        Because Berkowitz is a landowner and the PLA bars Reid’s common law negligence claims as to a landowner, we conclude that Berkowitz cannot be liable for the default judgments on common law negligence claims against Batuello and Hernandez.

 ¶31        The judgment and orders are reversed, and the case is remanded to the district court with directions to vacate the judgments against Berkowitz.

 JUDGE DUNN and JUDGE BERGER concur.

 [1] During pretrial discussion, Reid’s attorney said he preferred not to mention the default judgment or damages, “to make it more simple,” and because, “[t]hey’re not collectable [sic] or anything.”

 [2] Subsection (3) delineates landowner duties of care toward trespassers, licensees, and invitees.

 [3] This issue would not have arisen had the district court followed the better practice, and not entered default judgments against Berkowitz’s codefendants before a trial on the merits of Reid’s claims against Berkowitz under the PLA, given the assertion by plaintiff’s counsel that Berkowitz might be vicariously liable for the default judgments. “When one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.” Gen. Steel Domestic Sales, LLC v. Chumley, 306 F.R.D. 666, 668 (D. Colo. 2014); accord Hunt v. Inter-Globe Energy, Inc., 770 F.2d 145, 147 (10th Cir. 1985); cf. Salomon Smith Barney, Inc. v. Schroeder, 43 P.3d 715 (Colo. App. 2001) (trial court’s entry of default against one defendant was premature because his liability depended on whether another defendant was found liable). This rule of consistency, established by Frow v. De La Vega, 82 U.S. 552 (1872), “avoids inconsistent liability determinations among joint tortfeasors.” Hunt, 770 F.2d at 147. The entry of specified damages on a default judgment against the subcontractors when the landowner may be found liable for their conduct under his nondelegable duty in a separate pending jury trial creates the danger of inconsistent liability determinations among joint tortfeasors.

 [4] Reid I considered and addressed the jury verdict entered on the PLA claim. Liability for the default judgments was not at issue in Reid I. We thus conclude that any discussion of the default judgments in Reid I was dicta. 

These opinions are not final. They may be modified, changed or withdrawn in accordance with Rules 40 and 49 of the Colorado Appellate Rules. Changes to or modifications of these opinions resulting from any action taken by the Court of Appeals or the Supreme Court are not incorporated here. 

Colorado Court of Appeals Opinions || February 25, 2016

Back