No. 9            January 4, 2024            113

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JOSEPH EDGLEY WALSH,
aka Kari-Jo Dalton,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
19CV14955; A178482

J. Burdette Pratt, Senior Judge.

Submitted October 31, 2023.

Jedediah Peterson and O'Conner Weber LLC filed the brief for appellant. Kari-Jo Dalton filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the briefs for respondent.

Before Lagesen, Presiding Judge, and Tookey, Judge, and Kamins, Judge.

TOOKEY, J.

Reversed and remanded as to claims six and seven, otherwise affirmed.

**TOOKEY, J.**

Petitioner appeals a judgment dismissing her claims for post-conviction relief, raising five assignments of error. In addressing those assignments, we adopt the superintendent's numbering of the assignments.

In her first assignment of error, petitioner contends that the post-conviction court erred in rejecting her second claim for relief, in which petitioner alleged that her trial counsel was inadequate and ineffective in challenging venue. In her second assignment of error, petitioner contends that the post-conviction court erred in rejecting her fourth claim for relief, in which petitioner alleged that her trial counsel was inadequate and ineffective in not reviewing key evidence prior to trial. In her third assignment of error, petitioner contends that the post-conviction court erred in rejecting her first claim for relief, in which petitioner alleged that her trial counsel was inadequate and ineffective in failing to object to a nonunanimous jury instruction. In her fourth and fifth assignments of error, petitioner contends that the post-conviction court erred in denying relief on petitioner's sixth and seventh standalone constitutional claims arising from petitioner's nonunanimous jury verdicts. Accepting the post-conviction court's supported implicit and explicit factual findings and reviewing for legal error, *see Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we reverse and remand in part, and otherwise affirm.

Petitioner was charged in 2013 with 10 counts of first-degree sexual abuse; two counts of first-degree encouraging child sexual abuse; two counts of using a child in a display of sexually explicit conduct; four counts of unlawful contact with a child; one count of luring a minor; and one count of attempted unlawful delivery of marijuana to a minor. After a jury trial, petitioner was acquitted of one count, convicted by a nonunanimous jury on three counts (Count 1 for using a child in a display of sexually explicit conduct; Count 2 for first-degree encouraging child sexual abuse; and Count 19 for first-degree sexual abuse), and convicted by a unanimous jury on the remaining counts. Petitioner exhausted her direct appeals. *State v. Walsh*, 288 Or App 278, 406 P3d 123 (2017), *rev den*, 362 Or 545

(2018), *cert den sub nom*, *Walsh v. Oregon*, ___ US ___, 139 S Ct 158 (2018). Petitioner filed a timely petition for post-conviction relief, alleging eight claims for relief, and the post-conviction court denied relief on all claims. Petitioner now appeals, arguing that the post-conviction court erred in denying relief on petitioner's first, second, fourth, sixth, and seventh claims for relief.

*Petitioner's Fourth and Fifth Assignments of Error.* In her fourth and fifth assignments of error, petitioner contends that the post-conviction court erred in denying her standalone sixth and seventh claims for relief challenging nonunanimous jury convictions on Counts 1, 2, and 19 under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 390 (2020). The superintendent concedes that, in light of *Watkins v. Ackley*, 370 Or 604, 523 P3d 86 (2022), the post-conviction court erred. We agree and accept that concession. We therefore reverse the post-conviction court's denial of petitioner's sixth and seventh claims for post-conviction relief and remand for further proceedings.

*Petitioner's Third Assignment of Error.* Our resolution of petitioner's fourth and fifth assignments of error also disposes of petitioner's third assignment of error. In her third assignment of error, petitioner contends that the post-conviction court erred in denying her first claim for relief in which petitioner alleged that her trial counsel was inadequate and ineffective in failing to object to petitioner's nonunanimous convictions. That claim is moot. *See Jones v. Brown*, 370 Or 649, 652 n 2, 370 P3d 649 (2022) (resolution of petitioner's standalone claim under *Ramos* rendered challenges of the same nonunanimous convictions on inadequate and ineffective assistance of counsel grounds moot). We therefore affirm the post-conviction court's denial of petitioner's first claim for relief.

*Petitioner's First Assignment of Error.* In petitioner's first assignment of error, she contends that the post-conviction court erred in denying her second claim for relief in which petitioner alleged that her trial counsel was inadequate and ineffective in challenging venue on Counts 7 through 10. To establish inadequate and ineffective assistance of counsel in violation of Article I, section 11,

of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution, petitioner must prove both a performance element and a prejudice element. *See Smith v. Kelly*, 318 Or App 567, 568-69, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (stating standards for inadequate and ineffective assistance of counsel under the state and federal constitutions).

It is not clear from the post-conviction record where the incident occurred from which Counts 7 through 10 arose. The state's evidence—a photograph—included no indication of where the incident occurred. The victim did not remember petitioner taking the photograph but did remember that petitioner had abused him in Washington County, Oregon; Crook County, Oregon; and Vancouver, Washington. The state indicted petitioner in Washington County, where she was a resident.

Petitioner argued to the post-conviction court that her "trial counsel was ineffective for failing to present an argument that was more likely to succeed—that venue was not proper in Oregon at all because the crimes could have been committed in Washington." The post-conviction court determined that "petitioner [had] not proven that all reasonable trial attorneys would have addressed the venue issue in a different manner." We conclude that the evidence in the record supports that determination.

Article I, section 11, of the Oregon Constitution, provides a right to a trial in "the county in which the offense shall have been committed." *See State v. Mills*, 354 Or 350, 371, 312 P3d 515 (2013). That "guarantee is a matter of personal right, which—like other constitutional rights—may be forfeited if not timely asserted * * * before trial by an appropriate motion[.]" *Id*. at 371-72. ORS 131.325 provides that when the location of the crime is unclear, "trial may be held in the county in which the defendant resides[.]"[1]

---

[1] ORS 131.325 provides in full:

"If an offense is committed within the state and it cannot readily be determined within which county the commission took place, or a statute that governs conduct outside the state is violated, trial may be held in the county in which the defendant resides, or if the defendant has no fixed residence in this state, in the county in which the defendant is apprehended or to which the defendant is extradited."

The trial record shows that petitioner's trial counsel properly raised challenges to both venue and jurisdiction. Before trial, petitioner's trial counsel moved to dismiss the relevant counts, arguing that there was evidence that Washington County was not the proper venue for petitioner to stand trial. Under ORS 131.325, if it could "not readily be determined within which county the commission took place," venue was proper in Washington County because the state proved that petitioner resided there. To challenge venue in Washington County, it was petitioner's trial counsel's responsibility to argue that venue was proper in a specific, different place. *See Mills*, 354 Or at 371-73 (approving of the process by which defendant must put venue at issue pretrial); *Walsh*, 288 Or App at 282-83 (discussing possible but conflicting arguments about venue that petitioner made at trial and on direct appeal).[2] Because petitioner's trial counsel had evidence from the victim's CARES report that the crime likely took place in Crook County, and no evidence indicating that the crime took place outside of Oregon, petitioner's trial counsel made the reasonable professional decision to challenge venue in Washington County by asserting venue in Crook County.

During trial, petitioner's trial counsel challenged jurisdiction by moving for a judgment of acquittal at the close of the state's case, arguing that the state could not prove beyond a reasonable doubt that petitioner had committed the crime in Oregon. The trial judge disagreed and denied petitioner's trial counsel's motion, concluding that there was legally sufficient evidence in the record for a jury to find that the events captured in the photo occurred in Oregon. We conclude that petitioner's trial counsel properly challenged jurisdiction in Oregon and, thus, that the record supports the post-conviction court's determination that petitioner's

---

[2] As noted, in a pretrial motion and subsequent hearing, petitioner's trial counsel argued that venue was improper in Washington County because it *was readily ascertainable* that petitioner took the photo in Crook County. On direct appeal, petitioner raised a different argument that the location of the crime *was not readily ascertainable* and that because the crime could have occurred in the State of Washington, ORS 131.325 could not be used to establish venue in Washington County. *Walsh*, 288 Or App at 282-83. This court determined that petitioner's argument on direct appeal was therefore unpreserved, noting that those two pretrial arguments that petitioner's trial counsel could have made about venue were contradictory and mutually exclusive. *Id*. at 283.

trial counsel was adequate and effective in challenging both venue and jurisdiction on petitioner's behalf. We therefore reject petitioner's first assignment of error and affirm the post-conviction court's denial of petitioner's second claim for relief.

*Petitioner's Second Assignment of Error.* In petitioner's second assignment of error, she contends that the post-conviction court erred in denying her fourth claim for relief in which petitioner alleged that her trial counsel was inadequate and ineffective in "failing to ensure the inadmissible statements were removed prior to the CARES tapes playing for the jury." In denying that claim, the post-conviction court determined that petitioner did not prove either that her trial counsel's performance fell below the standard of a reasonable professional attorney under similar circumstances, or that petitioner was prejudiced by her trial counsel's failure. We need not address whether the record supports petitioner's allegation that her trial counsel's performance was deficient: The record supports the post-conviction court's determination that petitioner did not prove prejudice because petitioner did not establish that admission of challenged victim testimony violated her right to a fair trial.[3]

Petitioner's trial counsel told the trial court ahead of trial that he was not prepared, partially because he had not had a chance to review the two CARES interview videos (one for BC and one for DB); he twice moved for a continuance on those grounds. The court denied both motions. The parties further agreed that petitioner would stipulate to the fact of her two prior convictions and that the state would not present evidence or argument about those prior acts. At trial, the prosecutor played the CARES videos for the jury. In BC's recorded CARES interview, BC said that petitioner "is like a wanted man and he - he likes children. He is - he's

---

[3] Petitioner does not develop a legal argument related to her trial counsel's performance beyond asserting that her trial counsel's performance was deficient in allowing the jury to hear the challenged prejudicial statements. We therefore limit our discussion to the argument about prejudice which petitioner did develop. *See Beall Transport Equipment Co. v. Southern Pacific Trans.*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be" or "to make or develop a party's argument when that party has not endeavored to do so itself.").

a wanted man in the state of Oregon." BC further recounted things that BC had "heard" or had "been told" about petitioner doing "inappropriate stuff" with other children whom BC knew. In DB's recorded CARES interview, DB made similar statements, including that DB was "pretty sure [petitioner] went to jail for *** being a pedophile[.]" When DB said that, petitioner's trial counsel objected, the video was paused, and the jury was ushered out of the courtroom.

The post-conviction record indicates that that statement was played accidentally: The parties had agreed that the prosecutor would redact from the videos any references to petitioner's criminal history before trial. In the colloquy that followed, petitioner's trial counsel argued for a mistrial on the basis that the victims' statements about being told that petitioner was a bad man who liked children could be construed as evidence of petitioner's prior convictions. The trial judge gave some credence to that assessment and permitted redactions in the remainder of DB's testimony, as well as a jury instruction to cure previous references, but determined that a mistrial was not necessary. Petitioner now argues that "no instruction could 'unring the bell' of the alleged victims describing petitioner's reputation for being a pedophile and engaging in other bad acts with other children."[4] The state counters that BC's interview in fact hurt his credibility as a witness because it tended to make BC look as if he was "young, unsure, impressionable, and *** simply repeating what he had been told to believe." The state further counters that DB's comment was difficult to hear when it played in court and would have been adequately mitigated by the court's curative instruction.

The record supports the post-conviction court's determination that petitioner failed to prove prejudice as a result of any deficiency on the part of petitioner's trial counsel. We have reviewed the videos and determine that their content is consistent with the post-conviction court's conclusions. BC's demeanor and testimony in the video support

---

[4] Petitioner cites *State v. Veatch*, 223 Or App 444, 461, 196 P3d 45 (2008), but does not develop any argument regarding *Veatch* as related to her case. *See Beall Transport*, 186 Or App at 700 n 2. To the extent that petitioner is incorporating the reasoning in *Veatch* to support her argument about prejudice, we note that we do not see *Veatch* as analogous to petitioner's case.

the state's argument that BC's credibility as a reliable witness may have suffered when the video was shown to the jury, potentially helping petitioner's case. In the video, BC appears hesitant, and seems to not fully separate his personal experience from what adults had told him. With regard to DB's video, on the one hand, DB's statement that he was "pretty sure [petitioner] went to jail for *** being a pedophile" was likely not obscured by trial counsel's objection, as the state suggests it was. Trial counsel said "objection" between DB's words "jail for" and "being a pedophile;" in the video, DB paused between saying those words as well. On the other hand, the sound quality in the video is muffled, and DB is mumbling. Indeed, there are notations in the transcript indicating poor sound quality in the courtroom, and the trial judge told counsel that he had not heard the challenged statement by DB in the video.[5] Given those circumstances, it is likely that some members of the jury also did not hear the challenged statement.

Further, the trial judge instructed members of the jury to disregard DB's "last statement," if they had heard it, and told the jurors that they were not to discuss it or consider it in their deliberations.[6] Finally, there was ample other evidence on which a rational finder of fact could convict petitioner, such that inclusion of the challenged testimony did not materially affect the outcome of petitioner's trial. Thus, we conclude that the record supports the post-conviction court's determination that petitioner did not prove she was prejudiced by her trial counsel's failure to prevent the jury from hearing the challenged statements. Because petitioner

---

[5] Following petitioner's trial counsel's objection to DB's recorded statement in which he used the word "pedophile," the trial judge indicated: "I didn't hear what the word was. *** I heard the first part, but the last word, it almost sounded like 'biology' to me[.]"

[6] The trial court gave a curative instruction:

"If you'll remember, at the beginning of the trial I instructed you that sometimes I might order that evidence be or testimony be stricken from the record and that you are to disregard or ignore that evidence or testimony. And that's one of these circumstances. So the last statement you heard on the video by [DB], if you heard it, is to be stricken from the record and you're to disregard and ignore the statement. And you are not to discuss the statement at all with any juror and you're not to consider the statement at all when you're deciding this case. So wipe it from your memory. It does not exist. That's the last statement you heard from [DB]."

needed to prove both performance and prejudice prongs in order to establish a claim of inadequate or ineffective assistance of counsel, we reject petitioner's second assignment of error and affirm the post-conviction court's denial of petitioner's fourth claim for relief.

Reversed and remanded as to claims six and seven, otherwise affirmed.